## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

STEVEN B. BARGER, an individual,          Civil Case No. EDNY: 1:17-cv-04869-FB-LB

       Plaintiff,

                             Civil Case No. 1:18-mc-00010

v.

FIRST DATA CORPORATION, et al.,

       Defendants.

### DEFENDANTS' MOTION TO COMPEL THIRD PARTY WITNESS JULIE KELLY TO COMPLY WITH DEPOSITION SUBPOENA AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Defendants First Data Corporation, Frank Bisignano, Dan Charron, Anthony Marino, Karen Whalen, and Rhonda Johnson move this Court for an order pursuant to Rule 45 of the Federal Rules of Civil Procedure compelling Julie Kelly, a third party, to comply with a deposition subpoena properly served in connection with an action pending in the United States District Court for the Eastern District of New York. The grounds in support of this Motion are as follows:

### A.     PROCEDURAL HISTORY

1.     On May 23, 2018, Kelly, a resident of the State of Ohio, was personally served with a subpoena compelling her to attend a deposition related to an employment discrimination case styled as *Steven B. Barger v. First Data Corporation, et al.*, Case No. 1:17-cv-4869, pending in the United States District Court for the Eastern District of New York. *See* Exhibit A.[1] The subpoena directed Kelly to appear for a deposition on June 25, 2018 at 10:00 AM, in Cincinnati, Ohio. *Id.*

---

[1] Exhibits are attached to the Declaration of Gillian A. Cooper, Esq. dated July 23, 2018.

2.      Accompanying the subpoena was a letter advising Kelly that if the June 25, 2018 date was not convenient for her, the undersigned counsel would work with her to schedule a mutually convenient date. *Id.*

3.      On May 24, 2018, Kelly sent Defendants' counsel a letter acknowledging receipt of the subpoena but stated that she had commitments on the scheduled date and that "**[n]o matter what, [she] [is] not available at all on June 25.**" *See* Exhibit B (emphasis added).[2]

4.      By letter dated May 25, 2018, Defendants' counsel responded to Kelly, acknowledging her unavailability for a deposition on June 25, 2018, offering 13 other dates in June and July 2018, for her deposition and assured Kelly that the deposition has no relation to a discrimination charge she had recently filed against First Data with the OCRC. Kelly was advised that her deposition related to information she might possess as a witness in this litigation since she had been supervised by the Plaintiff.[3] *See* Exhibit D.

5.      In response to representations in Kelly's May 24, 2018 letter, and under Fed. R. Civ. P. 45(d)(1), Defendants offered to pay for any childcare costs Kelly might incur because of the deposition. *Id.*

---

[2] In this same letter, Kelly expressed some confusion regarding service of the subpoena and whether the deposition related to a complaint of discrimination that Kelly had recently filed with the Ohio Civil Rights Commission (OCRC) against First Data, her former employer. It so happens that Barger's counsel, Shawn Shearer, is also representing Kelly in her discrimination charge. Kelly asserts that Shearer does not represent her in connection with her deposition in the *Barger* case. *See* Exhibit E. Shearer refused to accept service of the subpoena for Kelly claiming that he is not her counsel in this case and directed Defendants to serve her with a subpoena. *See* Exhibit C.

[3] In its Rule 26(a) Initial Disclosures, Kelly was identified as an employee who had worked with the plaintiff Barger. Kelly was still a First Data employee when Defendants served their Initial Disclosures on November 26, 2017. She resigned effective November 30, 2017.

**B.**     <u>**EFFORTS TO RESOLVE THIS DISCOVERY DISPUTE**</u>

6.    In Kelly's letter dated May 29, 2018, she discussed Defendants' use of Federal Express and stated that she is not represented by Shearer. She did not address deposition scheduling. *See* <u>Exhibit E</u>.

7.    On June 21, 2018, Gillian A. Cooper, Esq., one of Defendants' lawyers, called Kelly and left a voicemail in which she identified herself as counsel for Defendants. *See* Certificate of Good Faith Compliance of Gillian A. Cooper, Esq., included at the end of this Motion. In her message, Cooper confirmed that Kelly was unavailable to be deposed on June 25, 2018. *Id.* She also requested that Kelly return her call to discuss scheduling her deposition at a mutually agreeable date and time. *Id.* Kelly never returned Cooper's telephone call. *Id.*

8.    Unbeknownst to Defendants, Kelly appeared for her deposition on June 25, 2018, with her children.[4] By letter of that same date, Kelly wrote that she "never received a confirmed cancellation" of her deposition so she "felt obligated to show up." *See* <u>Exhibit F</u>.[5] She again confirmed that she does "not have any legal representation for this case." *Id.*

9.    On July 3, 2018, the undersigned counsel again wrote to Kelly, this time by UPS overnight mail, advising that she is representing Defendants and that she had left a message regarding the need to schedule her deposition but had not heard from her. *See* <u>Exhibit G</u>.

10.    On July 6, 2018, counsel received a letter from Kelly dated June 27, 2018, again claiming that counsel did not "confirm that the June 25th [date] was cancelled" and that she

---

[4] Just prior to defending the deposition of a witness in this case in Atlanta, Georgia, Defendants learned from Shearer that Kelly had apparently shown up for her deposition in Cincinnati, despite multiple representations that he does not represent her for purposes of a deposition.

[5] It is unclear what Kelly means by a "confirmed" cancellation, as she made it quite clear that she was unavailable on June 25th. *See* <u>Exhibit B</u>. By letter dated May 25, 2018, counsel confirmed that Kelly was unavailable. *See* <u>Exhibit D</u>. Further, Cooper called Kelly on June 21, 2018, leaving a voicemail confirming that Kelly was unavailable on June 25th.

appeared with her three children.[6] *See* <u>Exhibit H</u>. Ms. Kelly then requested that counsel use email to communicate going forward. *Id.*

      11.    On July 10, 2018, counsel emailed Kelly requesting to set up a telephone call. *See* <u>Exhibit I</u>, p. 3. In response, Kelly replied by asking, "Ms. Cooper, Are you my lawyer?" *Id.* Gary B. Eidelman, lead counsel for the Defendants, replied that no, Defendants' lawyers are not Kelly's lawyers and that we were contacting her via email as directed. *Id.* at p. 2. Again Kelly responded, "Mr. Eidelman, Are you my lawyer?" to which she received the response, "No I am not and never have been. Wherever did you get that idea?" *Id.* Kelly responded, "You gave me that idea as you are the lawyer for First Data's defendants." *Id.* at pp. 1-2.

      12.    Defendants' counsel then sent Kelly yet another email trying to schedule her deposition which stated as follows:

> Ms. Kelly:
>
> We are not your lawyers. Please provide us with dates that you are available for a deposition. If we cannot agree to a date, we will be forced to move before the United States District Court for the Southern District of Ohio to compel your deposition.

*Id.*

      13.    Kelly replied:

> Ms. Cooper & Mr. Eidelman,
>
> Quite honestly, I have no idea who either of you are, other than lawyers for First Data defendants in a federal law suit. I don't understand why I'm being asked to provide other dates for a deposition when I showed up to the original (not cancelled) one.

*Id.*

---

[6] Defendants indicated they would pay for childcare costs, not provide a babysitter at her deposition. *See* <u>Exhibit D</u>. This offer stands.

14. Having unsuccessfully attempted to work with Kelly to schedule her deposition, Defendants are now forced to seek assistance in scheduling her deposition before the close of discovery on August 31, 2018.

## C. <u>ARGUMENT</u>

The 2013 amendments to the Federal Rules provide that a subpoena must issue from the court where the action is pending and, among other things, may only compel a third party to attend a deposition "within 100 miles of where the person resides, is employed, or regularly transacts business in person[.]" Fed. R. Civ. P. 45(a)(2), (c)(1). The deposition subpoena to Kelly complies with both of these requirements: (1) it was issued by the United States District Court for the Eastern District of New York where this case is pending; and (2) sets the location for her deposition in Cincinnati, less than 100 miles from where Kelly lives. *See* <u>Exhibit A</u>. In accordance with Rules 45(d) and (e), this Motion is properly filed in the Southern District of Ohio because that is the district where compliance is required.

This action is pending in Brooklyn, New York, and Kelly lives more than 100 miles from that courthouse. Kelly cannot be compelled by subpoena to testify at trial. *See* Fed. R. Civ. P. 45(c)(1). She can, however, be compelled to testify at a deposition. *Id.* In support of their Motion, Defendants have complied with their requirement to avoid undue burden or expense to Kelly. She advised of her unavailability for deposition on June 25, 2018, and Defendants immediately offered Kelly 13 other dates. *See* <u>Exhibit D</u>. She advised of her childcare situation and that she cannot afford a babysitter to which Defendants responded that they would pay for her childcare expenses while she was being deposed. *See id.* Before filing this Motion, Defendants made repeated efforts to schedule Kelly's deposition by letter, voicemail, and email, all resulting in Kelly hurling unfounded accusations of improper conduct by a process server and

some random idea that Defendants' lawyers are somehow her lawyers causing her to challenge the taking of her deposition. All of these actions and statements by Kelly are part of an unjustified attempt to avoid appearing for deposition for which she was properly served.

**D.    <u>CONCLUSION</u>**

For the foregoing reasons, First Data respectfully requests that this Court grant the Defendants' Motion to Compel and enter an Order directing Julie Kelly to appear for deposition in this jurisdiction at a date and time to be agreed upon by Kelly and Defendants' counsel prior to the August 31, 2018 close of discovery, and grant such other and further relief as the Court deems just and proper.

<div style="margin-left:45%">

Respectfully submitted,
*/s/ Matthew R. Byrne*_____
Matthew R. Byrne (0082228)
JACKSON LEWIS P.C.
PNC Center, 26th Floor
201 E. Fifth Street
Cincinnati, OH 45202
Telephone: (513) 898-0050
Facsimile: (513) 898-0051
Email: matthew.byrne@jacksonlewis.com

*Local Counsel for Defendants*

</div>

*Of Counsel:*

**SAUL EWING ARNSTEIN & LEHR LLP**
*A Delaware LLP*

Gary B. Eidelman, Esq.
500 E Pratt Street
Baltimore, Maryland 21202
T: (410) 332-8975
Gary.Eidelman@saul.com

Gillian A. Cooper, Esq.
650 College Road East, Suite 4000
Princeton, New Jersey 08540
T: (609) 452-5021
Gillian.Cooper@saul.com

Lindsey C. Kennedy, Esq.
One PPG Place, Suite 3010
Pittsburgh, Pennsylvania 15222
T: (412) 209-2555
Lindsey.Kennedy@saul.com

*Attorneys for Defendants*

Dated: July 23, 2018

## <u>CERTIFICATE OF GOOD FAITH CONFERENCE</u>

In accordance with Local Rule 37.1, the undersigned hereby certifies that on June 21, 2018, I contacted Kelly by telephone in a final and good faith effort to resolve this discovery dispute. I received Kelly's voicemail. The voicemail greeting indicated that the voicemail belonged to Kelly. I left a voicemail message identifying myself as counsel for Defendants, confirming that Kelly was unavailable for her deposition on June 25, 2018, and requesting Kelly return my call to discuss scheduling her deposition at a mutually agreeable date and time. Kelly has not returned my message and has failed to contact me to discuss a date on which she will appear for a deposition in this matter.

<div align="right">

*/s/ Gillian A. Cooper*
Gillian A. Cooper

</div>

Dated: July 23, 2018

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on the following counsel via hand delivery, UPS Overnight Delivery, and electronic mail:

Julie Kelly
823 Dorgene Lane
Cincinnati, Ohio 45244

I hereby certify that a true and correct copy of the foregoing was served on the following counsel via electronic mail:

David A. Zeitlin, Esq.
Zeitlin & Zeitlin, P.C.
50 Court Street, Suite 506
Brooklyn, New York 11201
T: (718) 522-5644
david@zeitlinlawfirm.com
*Attorneys for Plaintiff*

Shawn E. Shearer, Esq.
The Law Office of Shawn Shearer, P.C.
3839 McKinney Avenue, Suite 155-254
Dallas, Texas 75204
T: (214) 434-1594
shawn@shearerlaw.pro
*Attorneys for Plaintiff*

*/s/ Matthew R. Byrne*
Matthew R. Byrne

Dated: July 23, 2018