# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF OHIO

2018 SEP 13 AM 10: 46

STEVEN B. BARGER, an individual,

Plaintiff,

-v-

FIRST DATA CORPORATION, et al.,

Defendants,

-v-

JULIE K. KELLY, an individual,

Third Party Witness.

Civil Case No.   EDNY: 1:17-cv-04869-FB-LB

Civil Case No.   1:18-mc-00010

## REPLY IN SUPPORT OF MOTION FOR SANCTIONS

I am requesting that Your Honor rule in my favor on the Motion for Sanctions that I filed on August 14, 2018 (Docket #7), as supplemented by my Motion for Order to Grant Motion for Sanctions, filed on August 29, 2018 (Docket #8). Since the date I filed the motion, Mr. Eidelman, Ms. Cooper, Saul Ewing and Mr. Byrne, Jackson Lewis' immoral behavior has only intensified. On August 31, 2018 I filed a Motion for Protective Order (Docket #10) with this court which will be the subject of a separate reply I will file this week. In that motion, I pointed out that:

1.  I have already appeared for deposition in the Barger v. First Data Corporation case on June 25, 2018.

2.  The above-named parties filed a Motion to Compel which relied on an invalid document – a subpoena that contained *a date that had passed* and *with which I had already complied*. They tried to use an expired subpoena to compel me to do

1

something I already did. When they served the second subpoena – it was proof that

the first one, the one used to try to compel me – was invalid. Had the first one been

valid, there would have been no need for a second subpoena therefore a Motion to

Compel was knowingly intentionally filled using a subpoena that was bogus. The

Motion to Compel had no underlying subpoena attached to it.

3.  I notified them that the Motion to Compel was invalid and told them to remedy it.

4.  I filed the Rule 11 motion using Federal Rules. The above-named parties insisted on

using the local *'21 day rule'* to reply to my motion, but then demanded that I only

receive **3 days** to complete my reply. If these lawyers believed time was of the

essence, why take 21 days to answer and then harass me, a pro se, by trying to

convince the court to limit my time to answer? Then, they served me by regular

USPS mail, and I didn't even receive their responses or the 'Motion to Expedite' until

AFTER they wanted the court to demand my answer. This is just abusive. I have no

better word for it. It perfectly illustrates that all they want to do is upset me. I can't

respond to a motion I haven't been served.[1] There is no 'time crunch' – if there had

been, these lawyers would not have taken the full 21 days to answer.

5.  As I warned the court about in the Motion for Protective Order, Ms. Cooper did

indeed bring my former supervisor, Robin Ording, who I have named in my

complaint to the OCRC and who is continuing to harass me, to Cincinnati on August

31, 2018. Ms. Ording never worked with Mr. Barger. She is not a named party in the

---

[1] I have included as Exhibit A and email from Mr. Byrne where he reminds Ms. Cooper to notify Mr. Barger's attorney of the motions. A clear demonstration that he knows the rules yet fails to stop the Motion to Expedite.

Barger v. First Data case. She only knows about my case. She was there to intimidate me and gather information for use in my case against First Data. Her intimidation was successful. She terrified me to the point that I fled the building and had to go see my doctor.

6. Mr. Byrne does zero due diligence. Ms. Cooper and Mr. Eidelman are not licensed in the State of Ohio. Mr. Byrne has a responsibility to read what they send him and decide if it is true and ethical before he signs and files it. He does not uphold that obligation. He just allows Saul Ewing to file whatever they want to file. He does not care that Saul Ewing has told the court they represent me as a First Data witness and simultaneously filed against me for First Data in his home State of Ohio. He should pay a heavy penalty for failing to keep this harassment out of the State of Ohio. If he refused to sign their lies, they wouldn't have a conduit into this State to use to ruin my life.

7. I am attaching all 54 pages of Mr. Cooper, Mr. Eidelman and Saul Ewing's documents as **Exhibit B**. The sheer volume of what they filed and then mailed to me by regular USPS to serve me, knowing I am pro se, then audaciously demanded the Motion to Expediate serves as a shocking visual to demonstrate their determination to ruin my life for raising my claims against First Data.

I am asking the Court to Sanction all parties involved in this harassment and misconduct using the rules of procedure used to file my Sanctions Motion. I truly believe that this is a case where I should be awarded Terminating Sanctions.

1. Deny Mr. Eidelman and Ms. Cooper's Motion to Compel (Docket #1) and grant my Motion for Sanctions (Docket #7). At this point, these Sanctions have been 'fully briefed' and Mr. Eidelman and Ms. Cooper missed their deadline to file a response to my Motion for General Sanctions. It is clear, they have defaulted.

2. Issuance of a Protective Order so that I do not have to give testimony or provide documents for the Barger v. First Data Corporation et al case . I request this for two reasons.

   a. I already complied with the commanded subpoena on June 25, 2018. The subpoena is attached to their 'Motion to Compel'.

   b. Their second subpoena is nothing like the first one. As soon as I agreed to accept service, Ms. Cooper expanded the new subpoena in order to get information to use against me in my own case against First Data, which is pending in Ohio.

3. Mr. Eidelman and Ms. Cooper should be disqualified from representing my former employer, First Data Corporation, against me in my pending case that is before the Ohio Civil Rights Commission alleging First Data Corporation violated the ADA and Title VII. Mr. Eidelman and Ms. Cooper claimed to have been my lawyers in this case and then filed papers against me in my own case. To this day, neither Mr. Eidelman or Ms. Cooper have told me directly that they oppose me in Ohio. (Note that Ms. Cooper was the sole lawyer who was responsible for responding in a Position Statement to my OCRC claim on July 3, 2018, the very SAME day she tried to get me to talk to her about this case)

4. Saul Ewing should be prohibited from representing First Data Corporation in any matter related to me in the State of Ohio for at least the next 24 months since they misrepresented themselves to me and misrepresented my actions by lying to the Court

5. Mr. Eidelman and Ms. Cooper need to apologize to my children. I have always held the legal system in the highest regard and I work very hard to instill this value in my children. Not only did Mr. Eidelman and Ms. Cooper scare them by using a fraudulent FedEx delivery man to serve me a subpoena at night, but their client, First Data Corporation clearly knew my children would be home. This entire senseless progression has consumed our entire summer. My children are aware and were involved in this excessive misuse of the legal system due to Mr. Eidelman's promise that child care would be available for them at my noticed June 25, 2018 deposition.

6. Mr. Levin and Mr. Callahan should be held accountable for leaders of their organization who failed to take a client complaint seriously. Their lack of concern and accountability contributed to the continued harassment my children and I were subjected to for the past 3 months, ruining our summer, including vacations. They refused to take me seriously and took an aggressive stance against me and the facts that surround this entire ordeal. How many others have they ignored?

7. Mr. Byrne and the Jackson Lewis law firm should be held accountable for their lack of due diligence and obvious greed in the entire matter. Ultimately being a disgrace to the State of Ohio law practice.

Therefore I respectfully request Your Honor deny (Docket #1) Motion to Compel, therefore granting my (Docket #4) Motion to Quash, and grant my (Docket #7) Motion for General

Sanctions and grant my Protective Order (Docket #10). I am referring to the Sanctions request as 'Terminating Sanctions" because if granted, Mr. Eidelman and Ms. Cooper's attempt to abuse the Ohio judicial to further their case on their agenda in a case that is in New York will effectively be terminated.

Thank you,

Julie K. Kelly
823 Dorgene Lane
Cincinnati, OH 45244

*Pro Se, Third Party Witness*

# EXHIBIT A

**From:** "Byrne, Matthew R. (Cincinnati)" <Matthew.Byrne@jacksonlewis.com>
**Date:** September 4, 2018 at 6:43:07 PM EDT
**To:** "Cooper, Gillian A." <Gillian.Cooper@saul.com>, "Jul_kelly@mac.com" <Jul_kelly@mac.com>
**Cc:** "Eidelman, Gary B." <Gary.Eidelman@saul.com>
**Subject:** RE: Steven B. Barger v. First Data Corporation et al.; Civil Case No. 1:17-cv-4869; Civil Case No. 1:18-mc-00010

Are you serving opposing counsel separately? I don't think he receives the CM/ECF notices in teh Ohio case.

**Matthew R. Byrne**
Attorney at Law
Jackson Lewis P.C.
PNC Center
26th Floor
201 E. Fifth Street
Cincinnati, OH 45202
Direct: (513) 322-5030 | Main: (513) 898-0050

Matthew.Byrne@jacksonlewis.com | www.jacksonlewis.com

*Jackson Lewis P.C. is honored to be recognized as the "Innovative Law Firm of the Year" by the International Legal Technology Association (ILTA) and is a proud member of the CEO Action for Diver.
Inclusion Initiative*

**From:** Cooper, Gillian A. <Gillian.Cooper@saul.com>
**Sent:** Tuesday, September 04, 2018 4:40 PM
**To:** Jul_kelly@mac.com
**Cc:** Eidelman, Gary B. <Gary.Eidelman@saul.com>; Byrne, Matthew R. (Cincinnati) <Matthew.Byrne@jacksonlewis.com>
**Subject:** Steven B. Barger v. First Data Corporation et al.; Civil Case No. 1:17-cv-4869; Civil Case No. 1:18-mc-00010

Dear Ms. Kelly:

Please see attached in the above-referenced matter. Thank you.

**SAUL EWING**
**ARNSTEIN**
**& LEHR** LLP

**Gillian A. Cooper**
SAUL EWING ARNSTEIN & LEHR LLP
650 College Road East, Suite 4000 | Princeton, NJ 08540
Tel: 609.452.5021 | Fax: 609.452.6103
gillian.cooper@saul.com | www.saul.com

# EXHIBIT B





Rec by SB on
Sat Sept 8th, 2018

Gillian A. Cooper

Phone: (609) 452-5021

Fax: (609) 452-6103

Gillian.Cooper@saul.com

www.saul.com

September 4, 2018

**Via Regular and Electronic Mail**
Julie Kelly
823 Dorgene Lane
Cincinnati, Ohio 45244

> Re:  **Steven B. Barger v. First Data Corporation et al.**
> **Civil Case No. 1:17-cv-4869; Civil Case No. 1:18-mc-00010**

Dear Ms. Kelly:

This firm represents Defendants First Data Corporation, Frank Bisignano, Dan Charron, Anthony Marino, Karen Whalen, and Rhonda Johnson in the above-referenced matter. Enclosed for service please find the following, which were filed with the United States District Court for the Southern District of Ohio:

1.  Defendants' Combined Memorandum of Law (1) in Further Support of Defendants' Motion to Compel Third Party Witness Julie Kelly to Comply with Deposition Subpoena, (2) in Opposition to Kelly's Motion for Sanctions, (3) in Opposition to Kelly's Request for Order Granting Motion for Sanctions, and (4) in Opposition to Kelly's Motion for Protective Order;
2.  Proposed Order on Defendants' Motion to Compel;
3.  Declaration of Gillian A. Cooper, Esq., with Exhibits;
4.  Defendants' Motion to Shorten Time;
5.  Proposed Order on Defendants' Motion to Shorten Time.

Very truly yours,

/s/ Gillian A. Cooper
Gillian A. Cooper

Enclosures

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| STEVEN B. BARGER, an individual, | Civil Case No. EDNY: 1:17-cv-04869-FB-LB |
| Plaintiff, | |
| | Civil Case No. 1:18-mc-00010-SJD-SKB |
| v. | |
| FIRST DATA CORPORATION, et al., | |
| Defendants. | |

---

**DEFENDANTS' COMBINED MEMORANDUM OF LAW (1) IN FURTHER SUPPORT
OF DEFENDANTS' MOTION TO COMPEL THIRD PARTY WITNESS JULIE KELLY
TO COMPLY WITH DEPOSITION SUBPOENA, (2) IN OPPOSITION TO KELLY'S
MOTION FOR SANCTIONS, (3) IN OPPOSITION TO KELLY'S REQUEST FOR
ORDER GRANTING MOTION FOR SANCTIONS, AND (4) IN OPPOSITION TO
KELLY'S MOTION FOR PROTECTIVE ORDER**

Defendants First Data Corporation, Frank Bisignano, Dan Charron, Anthony Marino,

Karen Whalen, and Rhonda Johnson respectfully submit this Memorandum of Law (1) in further

support of Defendants' Motion to Compel Third Party Witness Julie Kelly to Comply with

Deposition Subpoena (ECF No. 1), (2) in opposition to Kelly's Motion for Sanctions (ECF No.

7), (3) in opposition to Kelly's Request for Order Granting Motion for Sanctions (ECF No. 8),

and (4) in opposition to Kelly's Motion for Protective Order (ECF No. 10). By way of relief,

Defendants seek an order requiring Kelly to appear for her deposition prior to the discovery

cutoff in the underlying case. Defendants also ask this Court to hold Kelly in contempt for her

failure to comply with the subpoena and awarding Defendants attorneys' fees and costs for her

failure to appear for the agreed-upon deposition on August 31, 2018.

## 1.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

1.    On May 23, 2018, Kelly, a resident of the State of Ohio, was personally served with a subpoena compelling her to attend a deposition related to an employment discrimination case styled as *Steven B. Barger v. First Data Corporation, et al.*, Case No. 1:17-cv-4869, pending in the United States District Court for the Eastern District of New York. *See* ECF No. 1, Exhibit A. The subpoena directed Kelly to appear for a deposition on June 25, 2018 at 10:00 AM, in Cincinnati, Ohio. *Id.*

2.    Accompanying the subpoena was a letter advising Kelly that if the June 25, 2018 date was not convenient for her, Defendants' New York counsel in the *Barger* case would work with her to schedule a mutually convenient date. *Id.*

3.    On May 24, 2018, Kelly sent Defendants' counsel a letter acknowledging receipt of the subpoena but stated that she had commitments on the scheduled date and that "**[n]o matter what, [she] [is] not available at all on June 25.**" *See* ECF No. 1, Exhibit B (emphasis added).

4.    By letter dated May 25, 2018, Defendants' counsel responded to Kelly, acknowledging her unavailability for a deposition on June 25, 2018, offering 13 other dates in June and July 2018, for her deposition and assured Kelly that the deposition has no relation to a discrimination charge she had recently filed against First Data with the Ohio Civil Rights Commission. Kelly was advised that her deposition related to information she might possess as a witness in the Barger litigation since she had been supervised by the Plaintiff Barger.[1] *See* ECF No. 1, Exhibit D.

---

[1] In Defendants' Rule 26(a) Initial Disclosures, Kelly was identified as an employee who had worked with Plaintiff Barger. Kelly was still a First Data employee when Defendants served their Initial Disclosures on November 26, 2017, and therefore, the Initial Disclosures stated that

5.      In response to representations in Kelly's May 24, 2018 letter, and under Rule 45(d)(1), Defendants offered to pay for any childcare costs Kelly might incur because of the deposition. *Id.*

6.      In Kelly's letter dated May 29, 2018, she took issue with Defendants' use of Federal Express.[2] She also stated that for purposes of the deposition, she is not represented by Shawn Shearer, who is Plaintiff Barger's lawyer in the underlying case pending in the Eastern District of New York. Her letter did not address deposition scheduling. *See* ECF No. 1, <u>Exhibit E</u>.

7.      On June 21, 2018, Gillian A. Cooper, Esq., one of Defendants' lawyers, called Kelly and left a voicemail in which she identified herself as counsel for Defendants. *See* ECF No. 1, Certificate of Good Faith Compliance of Gillian A. Cooper, Esq. In her message, Cooper confirmed that Kelly was unavailable to be deposed on June 25, 2018. *Id.* She also requested that Kelly return her call to discuss scheduling her deposition at a mutually agreeable date and time. *Id.* Kelly never returned Cooper's telephone call. *Id.*

8.      Unbeknownst to Defendants, Kelly appeared for her deposition on June 25, 2018, with her children. By letter of that same date, Kelly wrote that she "never received a confirmed

---

Barger's counsel (who at the time did not represent Kelly) should contact Kelly through Defendants' counsel), but Defendants' counsel did not at that time represent and have never represented Kelly. She resigned effective November 30, 2017.

It is unclear how Kelly obtained a copy of the Rule 26(a) Initial Disclosures because the Rule 26(a) Initial Disclosures were never filed with the Court; rather, pursuant to Rule 26(a), the Initial Disclosures were served on Plaintiff Barger.

[2] Kelly falsely accuses the process server as "masquerading as a FedEx employee." Mr. Dorning is a licensed private investigator and authorized to serve process in Ohio. *See* Declaration of Gillian A. Cooper, Esq. dated September 4, 2018 ("Cooper Decl."), <u>Exhibit A</u>, Affidavit of Dale Dorning dated June 6, 2018. On May 23, 2018, Mr. Dorning served a subpoena on Kelly. Dorning is not a Federal Express worker, did not represent himself to be a Federal Express worker, and did not wear any clothing representing Federal Express.

cancellation" of her deposition so she "felt obligated to show up." *See* ECF No. 1, <u>Exhibit F</u>. She again confirmed that she does "not have any legal representation for this case." *Id.*

9.     On July 3, 2018, Cooper again wrote to Kelly, advising that she is representing Defendants and that she had left a message regarding the need to schedule her deposition but had not heard from her. *See* ECF No. 1, <u>Exhibit G</u>.

10.     On July 6, 2018, Defendants' counsel received a letter from Kelly dated June 27, 2018, again claiming that counsel did not "confirm that the June 25th [date] was cancelled" and that she appeared with her three children.[3] *See* ECF No. 1, <u>Exhibit H</u>. Kelly then requested that counsel use email to communicate going forward. *Id.*

11.     On July 10, 2018, counsel emailed Kelly requesting to set up a telephone call. *See* ECF No. 1, <u>Exhibit I</u>, p. 3. In response, Kelly replied by asking, "Ms. Cooper, Are you my lawyer?" *Id.* Gary B. Eidelman, lead counsel for the Defendants, replied that no, Defendants' lawyers were not Kelly's lawyers and that they would be were contacting her via email as directed. *Id.* at p. 2. Again Kelly responded, "Mr. Eidelman, Are you my lawyer?" to which she received the response, "No I am not and never have been. Wherever did you get that idea?" *Id.* Kelly responded, "You gave me that idea as you are the lawyer for First Data's defendants." *Id.* at pp. 1-2.

12.     Defendants' counsel then sent Kelly yet another email trying to schedule her deposition which stated as follows:

> Ms. Kelly:
>
> We are not your lawyers. Please provide us with dates that you are available for a deposition. If we cannot agree to a date, we will be

---

[3] Defendants indicated they would pay for childcare costs, not provide a babysitter at her deposition. *See* ECF No. 1, <u>Exhibit D</u>.

> forced to move before the United States District Court for the
> Southern District of Ohio to compel your deposition.

*Id.*

13.     Kelly replied:

> Ms. Cooper & Mr. Eidelman,
>
> Quite honestly, I have no idea who either of you are, other than
> lawyers for First Data defendants in a federal law suit. I don't
> understand why I'm being asked to provide other dates for a
> deposition when I showed up to the original (not cancelled) one.

*Id.*

14.     On July 23, 2018, Defendants filed their Motion to Compel Kelly's deposition. *See* ECF No. 1.

15.     On July 27, 2018, Kelly opposed the Motion and filed a Motion to Quash. *See* ECF Nos. 3 and 4.

16.     On July 31, 2018, in an effort to resolve the pending motion without further Court involvement, Defendants emailed Kelly offering to conduct her deposition on either August 28, 29, or 30, 2018. *See* ECF No. 5, Exhibit 1. On August 2, 2018, Kelly responded that she is "not available" on those three dates and that she "requested a hearing on this issue." *See* ECF No. 5, Exhibit 2.

17.     To avoid a repeat of what happened on June 25, 2018, (when Kelly appeared after advising that she was unavailable), Defendants' counsel replied:

> Understood. Based on your representation that you are unavailable
> on August 28, 2018, August 29, 2018, and August 30, 2018, we do
> not expect your appearance on those dates.

*See* ECF No. 5, Exhibit 2.

18.     Kelly replied:

> You do not seem to grasp what I'm saying. I am telling you out of courtesy that I am unavailable on those dates. I am under no obligation to tell you. I am doing it because I am a courteous person and do not waste other peoples time like you wasted my time and a day of my children's summer break when you didn't show up on June 25th at 10:00am at Cook & Logothetis, LLC 30 Garfield Place Suite 540 Cincinnati, OH 45202.
>
> I did what the subpoena required. You didn't. Please remember to do what I asked you to do when I did the Rule 11, and tell the court the truth. I have done what the subpoena told me to do.

*See* ECF No. 5, Exhibit 2.

19.     On August 14, 2018, Kelly filed a Motion for Sanctions. *See* ECF No. 7.

20.     The Court scheduled a telephone conference for August 14, 2018. *See* ECF No. 6. At that conference, the Court convinced Kelly to consent to her deposition. The parties agreed that Kelly would appear for a deposition on August 31, 2018 at 12:00 PM at the law firm of Jackson Lewis, 201 E. Fifth Street, Cincinnati, Ohio. *See* Docket Entry dated August 14, 2018. The parties further agreed that the deposition would conclude by 4:00 PM. *Id.* The parties further agreed that First Data would reimburse Kelly for child care costs associated with the deposition. *Id.* On the call, Defendants advised Kelly that the new subpoena would include a request for the production of documents. Kelly agreed to accept service of the subpoena via regular mail. *Id.* At that conference, Kelly refused to withdraw her Motion for Sanctions.

21.     Shearer did not to participate in this conference call.

22.     On August 14, 2018, Defendants served a revised subpoena on Kelly in accordance with what had been agreed to during the conference with the Court. *See* Cooper Decl., Exhibit B.

23.     On August 29, 2018, Kelly filed a motion seeking to have the Court grant her Motions for Sanctions, arguing that Defendants failed to oppose the Motion within 14 days. *See*

ECF No. 8. Perhaps foreshadowing her next move, Kelly asserted that since Defendants had not opposed her Motion for Sanctions, her August 31, 2018 deposition should be canceled.

24.     In response to that Motion, Defendants filed a Notice on August 29, 2018 to alert the Court that the Defendants' Opposition to the Motion for Sanctions was not due until September 4, 2018. Local Rule 7.2(a)(2) ("[a]ny memorandum in opposition shall be filed within twenty-one days after the date of service of the motion."). The Notice also confirmed for the Court that that Kelly's deposition was scheduled, pursuant to agreement, for August 31, 2018. *Id.*

25.     Defendants served Kelly with a copy of the Notice by email. Kelly never advised Defendants that she did not plan to appear for the agreed-upon deposition. *See* Cooper Decl., ¶ 8.

26.     On August 30, 2018, Defendants' counsel and First Data's corporate representative Robin Ording traveled from New York to Cincinnati, Ohio, for the purpose of taking Kelly's deposition on August 31, 2018. *See* Cooper Decl., ¶ 9; *see also* Cooper Decl., Exhibit C.

27.     Defendants hired a court reporter for the deposition. *See* Cooper Decl., ¶ 10.

28.     On August 31, 2018, Defendants' counsel Gillian A. Cooper, Esq., Matthew R. Byrne, Esq., and First Data's corporate representative appeared at the noticed location for Kelly's deposition. The court reporter was present as well. *See* Cooper Decl., ¶ 11.

29.     Shortly before 12 noon, Shearer, Plaintiff Barger's attorney, arrived for Kelly's scheduled deposition. *See* Cooper Decl., ¶ 12.

30.     Upon Shearer's arrival, he handed Defendants' counsel the first page of Kelly's motion for protective order, which has a date and timestamp of August 31, 2018, at 11:05 AM. *See* Cooper Decl., ¶ 13. (The Court's CM/ECF system did not serve notice of the Motion for Protective Order until later that afternoon). Shearer advised that Kelly would not be appearing

7

for the deposition. *See* Cooper Decl., ¶ 14. Shearer further advised that Kelly emailed the one-page document to him. *See* Cooper Decl., ¶ 15.

31.      Thereafter, the parties contacted the Court to discuss Kelly's failure to appear. The Court called Kelly *ex parte* and left a voicemail message regarding Kelly's failure to appear and to explain the procedural next steps. *See* Cooper Decl., ¶ 16.

32.      At 1:46 PM, Kelly emailed counsel the following:

> To: Mr. Eidelman, Ms. Cooper, Mr. Levin, Mr. Byrne and Mr. Callahan,
>
> I went to the courthouse today to file a protective order in the Barger v. First Data Case. I realized that Robin Ording was brought in for my deposition. The Robin Ording who was my previous boss and continuous tormentor. Robin Ording is not a party in the Barger v. First Data case. To have the audacity to do this to me clearly proves that my protective order is 100% accurate. It also proves that you will do anything to harass me. I've had to go to my doctors because of this. I am currently under my physicians care. I will be reaching out to the judge as soon as I feel more calm.
>
> For the fifth time, who is your attorney? If you can't tell me, I hope you can tell the judge.
>
> Julie
>
> 513.806.4893

*See* Cooper Decl., Exhibit D.

33.      At 1:54 PM, Defendants' counsel went on the record to note Kelly's failure to appear. *See* Cooper Decl., ¶ 17; *see also* Cooper Decl., Exhibit C.

34.      Shearer advised that he had not heard from Ms. Kelly, he "did not have any conversations with her. [He] thought she was going to be here." *See* Cooper Decl., ¶ 18; *see also* Cooper Decl., Exhibit C, 6:13-15.

35.     Shearer further stated that he "[had] no idea" how Kelly knew that Ording was present at the deposition. *See* Cooper Decl., ¶ 19; *see also* Cooper Decl., Exhibit C, 6:22.

36.     Shearer stated that when he arrived at the PNC Center (the location of the deposition) that morning, he looked at the sign-in sheet and saw that Ording had signed in. *See* Cooper Decl., Exhibit C, 7:18-23.

37.     Shearer, Cooper, and Byrne, along with Byrne's legal assistant, retrieved the sign-in sheet from building security. The sign-in sheet reveals that Ording signed in at 11:25 AM, and that Shearer signed in after Ording did. Ording signed in more than 20 minutes *after* Kelly filed her Motion for Protective Order. *See* Cooper Decl., ¶ 20, Exhibit E. In contrast to Mr. Shearer's representation, Kelly's name and signature appear nowhere on the sign-in sheet. *Id.*

## 2.     ARGUMENT

### 2.1.     Defendants' Motion to Compel Kelly's Deposition Should Be Granted and Defendants Should Be Awarded Sanctions for Kelly's Failure to Appear for the August 31, 2018 Deposition

38.     The 2013 amendments to the Federal Rules provide that a subpoena must issue from the court where the action is pending and, among other things, may only compel a third party to attend a deposition "within 100 miles of where the person resides, is employed, or regularly transacts business in person[.]" Fed. R. Civ. P. 45(a)(2), (c)(1).

39.     The deposition subpoena to Kelly complies with both of these requirements: (1) it was issued by the United States District Court for the Eastern District of New York where this case is pending; and (2) sets the location for her deposition in Cincinnati, less than 100 miles from where Kelly lives. *See* Cooper Decl., Exhibit B. In accordance with Rules 45(d) and (e), this Motion is properly filed in the Southern District of Ohio because that is the district where compliance is required.

40.     Rule 45(g) governing "contempt" provides that the "court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."

41.     On August 14, 2018, Kelly agreed to be deposed on August 31, 2018. *See* Docket Entry dated August 14, 2018. Kelly failed to appear for the agreed-upon deposition on August 31, 2018. *See* Cooper Decl., ¶ 21.

42.     Instead of appearing for her deposition, Kelly filed a Motion for Protective Order repeating the same untrue and unfounded allegations that her earlier filings contained and which have been considered by this Court. There is nothing in the Motion which justifies her failure to appear for her deposition on August 31, 2018.

43.     Therefore, Defendants submit Kelly should be held in contempt pursuant to Rule 45(g) for her failure to appear for her deposition. Additionally, Defendants incurred expenses in connection with Kelly's failure to appear for the agreed-upon deposition. Defendants paid for flights and hotels for counsel and First Data's corporate representative. *See* Cooper Decl., ¶ 22. Defendants also paid for the court reporter. Furthermore, Defendants' counsel spent significant time preparing for, traveling to/from, and appearing at the deposition. *See* Cooper Decl., ¶ 23. Therefore, Defendants submit that they should be awarded attorneys' fees and costs in connection with Kelly's unjustified failure to appear.[4]

**2.2.    Kelly's Motion for Sanctions Should be Denied**

44.     Kelly argues in her Motion for Sanctions that Defendants have somehow violated Rule 11 of the Federal Rules of Civil Procedure. As demonstrated by the pleadings in this case

---

[4] Should the Court grant the requested relief, Defendants will submit its bill for costs and fees.

and the exhibits accompanying those pleadings, Defendants have at all times complied with their obligations under Rule 11. Kelly has not pointed to a single untrue or improper statement made by Defendants' counsel.

45.     Rule 11(b) provides:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

46.     Contrary to Kelly's representations, Defendants have demonstrated to this Court that her deposition is not being sought for an improper purpose. She is a fact witness in a case more than 100 miles from the Courthouse in Brooklyn, New York who may have information relevant to Barger's claims. When the Court conducted a telephone conference with Kelly and counsel on August 14, 2018, which resulted in the scheduling of Kelly's deposition for August 31, 2018, the Court explained to Kelly that she could potentially be compelled to attend a deposition and made no reference to Defendants having violated Rule 11. Nothing has changed

since the August 14, 2018 call, other than Kelly's refusal to appear for her deposition after telling the Court that she would appear.

47.     Defendants' submissions to the Court demonstrate that they have, at all times, complied with the Rules of Federal Civil Procedure and the Local Rules of the Southern District of Ohio. Not only are Kelly's repeated accusations that Defendants are lying to this Court offensive and unwarranted, each and every one of her allegations are belied by the exhibits Defendants have provided to this Court.

### 2.3.    Kelly's Motion for a Protective Order Should Be Denied

48.     Having not received a ruling on her Motion for Sanctions, Kelly tries another tactic – filing a protective order minutes before her deposition asking this Court to cancel her deposition and prohibit Defendants from subpoenaing her documents. Nothing in this latest Motion raises anything new. Kelly's Motion for Protective Order is frivolous, an abuse of the rules, and is wasteful of this Court's resources. It should be denied.

49.     At the August 14, 2018 conference call with the court, Kelly agreed to be deposed on August 31, 2018. Kelly was further advised on that call that the new subpoena would include a request for the production of documents relating to the Barger lawsuit. The cover letter and subpoena make clear that the document requests only seek documents relating to the Barger lawsuit and have nothing to do with Kelly's discrimination claims.

50.     Kelly argues that Defendants' counsel is, in fact, her counsel due to her inclusion in Defendants' Rule 26(a) Initial Disclosures. In fact, Defendants' counsel does not, and has never represented Kelly in connection with any litigation. At the time Defendants served the Rule 26(a) Initial Disclosures, Kelly was a First Data employee so as is standard and customary, the disclosures advised Shearer that if he wanted to depose Kelly, he should contact First Data's

counsel to make arrangements. Shortly thereafter, Kelly resigned from First Data. The Rule 26(a) Initial Disclosures were not filed with the Court. Rather, they were served on Plaintiff Barger. Presumably Barger or her his counsel gave the initial disclosures to Kelly.

51.     After serving their Initial Disclosures, First Data received a demand letter from Shearer in which he advised of his representation of Kelly in connection with alleged claims of discrimination. Since Kelly was now represented by counsel, Defendants believed it would be inappropriate to contact her to discuss the Barger case. Accordingly, Defendants made the decision to depose her and preserve her testimony for trial.

52.     Defendants' counsel's first communication with Kelly was in May 2018, when the subpoena was served on Kelly. All subsequent communications have been filed with the Court as exhibits to the motions. Defendants' counsel has been explicitly clear that they do not represent Kelly in any capacity.

53.     Additionally, Defendants' have been clear that the information they seek from Kelly is in no way connected to her OCRC Charge. Rather, Defendants seek information relating to the Barger litigation.

54.     Kelly now argues that even though she is not represented by Shearer, her communications with Shearer and his paralegal Brenda Barger are protected by attorney-client privilege. Kelly's communications with Shearer and Brenda Barger that relate to the Barger case in New York and the circumstances surrounding her deposition and the subpoenas are not protected by the attorney-client privilege. Kelly has stated multiple times that Shearer does not represent Kelly in connection with the Barger lawsuit or her deposition. Shearer has stated multiple times that he does not represent her in connection with the Barger lawsuit or her deposition. Therefore, any communications between Kelly, Shearer and Barger that do not

13

involve her claims of discrimination are not protected by the attorney-client privilege and must

be produced. She must also be compelled to testify at her deposition.

**3.     CONCLUSION**

55.     For the foregoing reasons, Defendants respectfully request this Court (1) grant

Defendants' Motion to Compel Kelly's deposition, (2) deny Kelly's Motion for Sanctions, (3)

deny Kelly's Request for Order Granting Motion for Sanctions, and (4) deny Kelly's Motion for

Protective Order. Defendants further submit that they should be granted their attorneys' fees and

costs and further relief as the Court deems just and proper.

<div style="margin-left:40%;">

Respectfully submitted,

*/s/ Matthew R. Byrne*
Matthew R. Byrne (0082228)
JACKSON LEWIS P.C.
PNC Center, 26th Floor
201 E. Fifth Street
Cincinnati, Ohio 45202
Telephone: (513) 898-0050
Facsimile: (513) 898-0051
Email: matthew.byrne@jacksonlewis.com
*Local Counsel for Defendants*

</div>

*Of Counsel:*

**SAUL EWING ARNSTEIN & LEHR LLP**
*A Delaware LLP*

Gary B. Eidelman, Esq.
500 E Pratt Street
Baltimore, Maryland 21202
T: (410) 332-8975
Gary.Eidelman@saul.com

Gillian A. Cooper, Esq.
650 College Road East, Suite 4000
Princeton, New Jersey 08540
T: (609) 452-5021
Gillian.Cooper@saul.com

Lindsey C. Kennedy, Esq.
One PPG Place, Suite 3010
Pittsburgh, Pennsylvania 15222
T: (412) 209-2555
Lindsey.Kennedy@saul.com

*Attorneys for Defendants*

Dated: September 4, 2018

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on the following

via electronic mail and regular mail:

Julie Kelly
823 Dorgene Lane
Cincinnati, Ohio 45244

I hereby certify that a true and correct copy of the foregoing was served on the following

via electronic mail:

David A. Zeitlin, Esq.
Zeitlin & Zeitlin, P.C.
50 Court Street, Suite 506
Brooklyn, New York 11201
T: (718) 522-5644
david@zeitlinlawfirm.com
*Attorneys for Plaintiff*

Shawn E. Shearer, Esq.
The Law Office of Shawn Shearer, P.C.
3839 McKinney Avenue, Suite 155-254
Dallas, Texas 75204
T: (214) 434-1594
shawn@shearerlaw.pro
*Attorneys for Plaintiff*

/s/ Matthew R. Byrne
Matthew R. Byrne

Dated: September 4, 2018

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO**

---

STEVEN B. BARGER, an individual,

     Plaintiff,

v.

FIRST DATA CORPORATION, et al.,

     Defendants.

Civil Case No. EDNY: 1:17-cv-04869-FB-LB

Civil Case No. 1:18-mc-00010-SJD-SKB

---

## **DECLARATION OF GILLIAN A. COOPER, ESQ.**

I, Gillian A. Cooper, an attorney at law, being of full age, hereby certifies as follows:

1.    I am a licensed attorney in the State of New Jersey and the State of New York.

2.    I am also admitted to practice in the District of New Jersey, Southern District of New York, Eastern District of New York, and the District of Connecticut.

3.    I am an associate of the law firm of Saul Ewing Arnstein & Lehr LLP, counsel for Defendants First Data Corporation, Frank Bisignano, Dan Charron, Anthony Marino, Karen Whalen, and Rhonda Johnson. As such, I am fully familiar with the facts stated herein, and make this declaration (1) in further support of Defendants' Motion to Compel Third Party Witness Julie Kelly to Comply with Deposition Subpoena (ECF No. 1), (2) in opposition to Kelly's Motion for Sanctions (ECF No. 7), (3) in opposition to Kelly's Request for Order Granting Motion for Sanctions (ECF No. 8), and (4) in opposition to Kelly's Motion for Protective Order (ECF No. 10).

4.    Attached hereto as <u>Exhibit A</u> is a true and correct copy of the Affidavit of Dale Dorning dated June 6, 2018.

5. Attached hereto as Exhibit B is a true and correct copy of the subpoena to Julie Kelly dated August 14, 2018.

6. Attached hereto as Exhibit C is a true and correct copy the rough transcript of the statement on the record dated August 31, 2018.

7. Attached hereto as Exhibit D is a true and correct copy of Kelly's email dated August 31, 2018.

8. Kelly never advised Defendants that she did not plan to appear for the agreed-upon deposition.

9. On August 30, 2018, Defendants' counsel and First Data's corporate representative Robin Ording traveled from New York to Cincinnati, Ohio, for the purpose of taking Kelly's deposition on August 31, 2018.

10. Defendants hired a court reporter for the deposition.

11. On August 31, 2018, Matthew R. Byrne, Esq., First Data's corporate representative Robin Ording, and I appeared at the noticed location for Kelly's deposition. The court reporter was present as well.

12. Shortly before 12 noon, Shawn E. Shearer, Plaintiff Barger's attorney, arrived for Kelly's scheduled deposition.

13. Upon Shearer's arrival, he handed Defendants' counsel the first page of Kelly's motion for protective order, which has a date and timestamp of August 31, 2018, at 11:05 AM.

14. Shearer advised that Kelly would not be appearing for the deposition.

15. Shearer further advised that Kelly emailed the one-page document to him.

16. Thereafter, the parties contacted the Court to discuss Kelly's failure to appear. The Court called Kelly *ex parte* and left a voicemail message regarding Kelly's failure to appear and to explain the procedural next steps.

17. At 1:54 PM, Defendants' counsel went on the record to note Kelly's failure to appear.

18. Shearer advised that he had not heard from Ms. Kelly, he "did not have any conversations with her. [He] thought she was going to be here."

19. Shearer further stated that he "[had] no idea" how Kelly knew that Ording was present at the deposition.

20. Shearer, Byrne, and I retrieved the sign-in sheet from building security. The sign-in sheet reveals that Ording signed in at 11:25 AM, and that Shearer signed in after Ording did. Ording signed in more than 20 minutes after Kelly filed her Motion for Protective Order. Kelly's name and signature appear nowhere on the sign-in sheet. Attached hereto as Exhibit E is a true and correct copy of the sign-in sheet from building security.

21. Kelly failed to appear for the agreed-upon deposition on August 31, 2018.

22. Defendants incurred expenses in connection with Kelly's failure to appear for the agreed-upon deposition. Defendants paid for flights and hotels for myself and First Data's corporate representative, Robin Ording.

23. Robin Ording and I spent significant time preparing for, traveling to/from, and appearing at the deposition.

24.    I certify that the foregoing statements made by me are true. I am aware that if any
of the foregoing statements made by me are willfully false, I am subject to punishment.

Gillian A. Cooper

Dated: September 4, 2018

# EXHIBIT A

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF NEW YORK

STEVEN B. BARGER, an individual,

        Plaintiff,

v.

FIRST DATA CORPORATION, a Delaware
corporation; FRANK BISIGNANO, an
individual; DAN CHARRON, an individual;
ANTHONY MARINO, an individual; KAREN
WHALEN, an individual; and RHONDA
JOHNSON, an individual,

        Defendants.

Civil Case No.: 1:17-cv-04869-FB-LB

### AFFIDAVIT OF DALE DORNING

DALE DORNING, being duly sworn, deposes and says:

1.     I am over the age of 18.

2.     I am a licensed private investigator and authorized to serve process in the judicial circuit in which the process was served.

3.     I am Owner and Chief Investigator of Precision Investigation and Consulting.

4.     I was hired by Priority Plus Legal Services, Inc. as a Process Server to serve a subpoena on Julie Kelly.

5.     On May 23, 2018, at 7:25 PM, I individually/personally served by delivering a true copy of the NOTICE OF INTENTION TO TAKE ORAL DEPOSITION BY SUBPOENA OF JULIE KELLY, SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION and letter to Julie Kelly at the address of 823 Dorgene Lane, Cincinnati, Ohio 45244, and informed

Ms. Kelly of the contents therein, in compliance with state statutes. A copy of the Return of Service is attached hereto as Exhibit A.

6. Upon receipt, Ms. Kelly told me that she was expecting the subpoena.

7. I am aware that Ms. Kelly is accusing me of impersonating a Federal Express worker. I did not impersonate a Federal Express worker.

8. I am not a Federal Express worker. I did not represent myself to be a Federal Express worker to Ms. Kelly.

9. I did not wear any clothing representing "Federal Express" when I served the subpoena on Ms. Kelly.

10. I do not drive a Federal Express delivery vehicle.

11. I drove to Ms. Kelly's house in my own personal vehicle, which I own. The vehicle is a 2017 Ford Fusion in the color burgundy. There is no writing on my vehicle.

12. I parked in Ms. Kelly's driveway, in plain view of Ms. Kelly's front door.

Dale Dorning

Sworn to before me this

6 day of June , 2018

Notary Public

Samaan Alseman
Notary Public
State of Ohio
My Commission Expires:
04/08/2023

# EXHIBIT B

**SAUL EWING**

**ARNSTEIN**

**& LEHR** LLP

Gillian A. Cooper
Phone: (609) 452-5021
Fax: (609) 452-6103
Gillian.Cooper@saul.com
www.saul.com

August 14, 2018

**Via Regular and Electronic Mail**

Julie Kelly
823 Dorgene Lane
Cincinnati, Ohio 45244

> Re:   *Steven B. Barger v. First Data Corporation et al.*
>       **Civil Case No. 1:17-cv-4869; Civil Case No. 1:18-mc-00010**

Dear Ms. Kelly:

As you know, we represent Defendants First Data Corporation, Frank Bisignano, Dan Charron, Anthony Marino, Karen Whalen, and Rhonda Johnson in the above-referenced matter. Pursuant to the Judge Bowman's Order from today, enclosed for service please find a subpoena compelling your attendance at a deposition on <u>Friday, August 31, 2018, at 12:00 noon</u> at the offices of <u>Jackson Lewis P.C., PNC Center, 201 E. Fifth Street, 26th Floor, Cincinnati, Ohio 45202</u>. I am sending you this courtesy copy by email with an original to follow by regular mail.

As was discussed on the telephone conference with Judge Bowman, the subpoena also directs you to bring documents with you to the deposition. To confirm, we are not seeking any documents concerning your discrimination claim that you have filed with the Ohio Civil Rights Commission.

Very truly yours,

*/s/ Gillian A. Cooper*
Gillian A. Cooper

Enclosures

Marc A. Citron - Princeton Managing Partner
650 College Road East, Suite 4000 ◆ Princeton, NJ 08540-6603 ◆ Phone: (609) 452-3100 ◆ Fax: (609) 452-3122

DELAWARE   FLORIDA   ILLINOIS   MARYLAND   MASSACHUSETTS   NEW JERSEY   NEW YORK   PENNSYLVANIA   WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of New York

| | | |
|---|---|---|
| Steven B. Barger | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.  1:17-cv-04869 |
| First Data Corporation et al. | ) | |
| | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Julie Kelly, 823 Dorgene Lane, Cincinnati, Ohio 45244

_(Name of person to whom this subpoena is directed)_

☑ _Testimony:_ **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Jackson Lewis P.C., PNC Center, 201 E. Fifth Street, 26th Floor, Cincinnati, Ohio 45202 | Date and Time: 08/31/2018 12:00 pm |
|---|---|---|

The deposition will be recorded by this method:  stenographically

☑ _Production:_ You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  see Attachment A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  08/14/2018

CLERK OF COURT

OR

_____          /s/ Gillian A. Cooper
_Signature of Clerk or Deputy Clerk_          _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_  Defendants
First Data Corporatation et al. _____, who issues or requests this subpoena, are:
Gillian A. Cooper, Esq., 650 College Road E., Ste. 4000, Princeton, NJ 08540, gillian.cooper@saul.com 609-452-5021

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  1:17-cv-04869

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

### (c) Place of Compliance.

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

### (d) Protecting a Person Subject to a Subpoena; Enforcement.

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

### (e) Duties in Responding to a Subpoena.

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

### (g) Contempt.
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

_____

STEVEN B. BARGER, an individual,              Civil Case No. EDNY: 1:17-cv-04869-FB-LB

     Plaintiff,

v.

FIRST DATA CORPORATION, et al.,

     Defendants.

_____

## **ATTACHMENT A TO SUBPOENA TO JULIE KELLY**

For purposes of this subpoena, the following instructions and definitions apply:

1.      You are not being asked by way of this subpoena or otherwise to produce any documents or communications (email, electronically stored, or otherwise) relating to the Charge of Discrimination that you filed with the Ohio Civil Rights Commission, Charge No. DAYB6(27240)05172018, including but not limited to any communications you have had with the Law Offices of Shawn Shearer, Shawn Shearer, Esq., and/or Brenda Barger regarding the Charge of Discrimination.

2.      "Document" means any papers, writings, or records of any type or source of authorship in your possession, custody, or control; or of which you have knowledge, wherever located, however produced or reproduced, or whether a draft, original, or copy. By way of illustration and not limitation, the term "document" shall include memoranda of telephone conversations, summaries, diaries, or other records of personal conversations or interviews; and minutes, summaries, diaries, or other records of personal conversations or interviews; and minutes, summaries, or other records of any meetings, discussions, or conferences, as well as other notes, reports, records of any meetings, discussions or conferences, as well other notes,

reports, records, data, memoranda, correspondence, notebooks, scrapbooks, diaries, minutes summaries, financial statements, ledgers, magnetic tape, or other sound recordings, telegrams, telecopies, facsimiles, telecopy and facsimile logs, electronic mail, letters, photographs, drawings, plans, studies, manuals, instructions, bids, specifications, graphs, sketches, blueprints, charts, curves, motion picture film, microfilm, computer records of any kind, photographs, photographic negatives, photocopies, photostats, descriptions, purchase orders, agreements, contracts, invoices, bills of lading, published or unpublished speeches, manuscripts or articles, transcripts, affidavits, depositions, printed matter, publications and any other retrievable intelligence, however recorded, memorialized or preserved. Any original, draft or copy containing or having attached thereto any alterations, notes, comments or other material not included in each other original, draft or copy shall be deemed a separate document within the foregoing definitions. "Document" includes all Electronically Stored Information

3.     "Electronically Stored Information" includes, but is not limited to, e-mails and attachments, voice mail, instant messaging, and other electronic communications, word processing documents, text files, hard drives, spreadsheets, graphics, audio and video files, databases, calendars, telephone logs, transaction logs, Internet usage files, offline storage or information stored on removable media (such as external hard drives, hard disks, floppy disks, memory sticks, flash drives, and backup tapes), information contained on laptops or other portable devices, and network access information and backup materials, TIF files, PDF files, Native Files and the corresponding Metadata which is ordinarily maintained.

4.     The term "concerning" means relating to, referring to, describing, evidencing, comprising, setting forth, showing, supporting, disclosing, explaining, summarizing, memorializing or constituting, whether directly or indirectly.

5.      The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all;" "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the other genders.

6.      The term "including" means including but not limited to.

7.      "Barger" refers to Steve Barger as well as his agents, servants, attorneys, representatives, or any other persons acting or purporting to act on his behalf.

8.      "Law Offices of Shawn Shearer" refers to the Law Offices of Shawn Shearer as well as its agents, employees, directors, investigators, attorneys, representatives, or any other persons acting or purporting to act on its behalf.

## DOCUMENT PRODUCTION

1.      All documents and communications (email, electronically stored, or otherwise) to/from Steven B. Barger from September 4, 2016, through the present.

2.      All documents and communications (email, electronically stored, or otherwise) concerning Steven B. Barger's claims against the Defendants in the Barger v. First Data Corporation, et al. lawsuit.

3.      All documents and communications (email, electronically stored, or otherwise) concerning Steven B. Barger's supervision of you while you were employed at First Data Corporation.

4.      All documents and communications (email, electronically stored, or otherwise) concerning Steven B. Barger's employment at First Data Corporation.

5.      All documents and communications (email, electronically stored, or otherwise) concerning Steven B. Barger's efforts to find employment since February 28, 2017.

6.      All documents and communications (email, electronically stored, or otherwise) to/from the Law Offices of Shawn Shearer concerning the Barger v. First Data Corporation, et al. lawsuit.

7.      All documents and communications (email, electronically stored, or otherwise) to/from the Law Offices of Shawn Shearer concerning your deposition in the Barger v. First Data Corporation, et al. lawsuit.

8.      All documents and communications (email, electronically stored, or otherwise) to/from Shawn Shearer concerning the Barger v. First Data Corporation, et al. lawsuit.

9.      All documents and communications (email, electronically stored, or otherwise) to/from Shawn Shearer concerning your deposition in the Barger v. First Data Corporation, et al. lawsuit.

10.     All documents and communications (email, electronically stored, or otherwise) to/from Brenda Barger concerning the Barger v. First Data Corporation, et al. lawsuit.

11.     All documents and communications (email, electronically stored, or otherwise) to/from Brenda Barger concerning your deposition in the Barger v. First Data Corporation, et al. lawsuit.

12.     All documents and communications (email, electronically stored, or otherwise) to/from any other individual concerning the Barger v. First Data Corporation, et al.

13.     All documents and communications (email, electronically stored, or otherwise) to/from any other individual concerning your deposition in the Barger v. First Data Corporation, et al. lawsuit.

14.     Any "questionnaires" or "forms" from the Law Offices of Shawn Shearer concerning the <u>Barger v. First Data Corporation, et al.</u> lawsuit and/or concerning your deposition in the <u>Barger v. First Data Corporation, et al.</u> lawsuit, including any answers or responses to any "questionnaires" or "forms."

15.     Any "questionnaires" or "forms" from Shawn Shearer concerning the <u>Barger v. First Data Corporation, et al.</u> lawsuit and/or concerning your deposition in the <u>Barger v. First Data Corporation, et al.</u> lawsuit, including any answers or responses to any "questionnaires" or "forms."

16.     Any "questionnaires" or "forms" from Brenda Barger concerning the <u>Barger v. First Data Corporation, et al.</u> lawsuit and/or concerning your deposition in the <u>Barger v. First Data Corporation, et al.</u> lawsuit, including any answers or responses to any "questionnaires" or "forms."

# EXHIBIT C

Kelly Julie 083118 Rough Draft.txt
UNCERTIFIED ROUGH DRAFT TRANSCRIPT

1

1           (The following is an uncertified
2  rough draft transcript, not to be used for
3  official court purposes.)
4           MS. COOPER:  It is Friday, August
5  31st, it is 1:54 p.m.  Today was the agreed-upon
6  deposition of Julie Kelly, a third-party witness
7  in the Steven Barger versus First Data
8  Corporation, et al., matter pending in the Eastern
9  District of New York, Eastern District Docket No.
10 1:17-cv-4869.  The Southern District of Ohio
11 Miscellaneous number is 1:18-MC-00010.
12           On May 23rd, 2018, Ms. Kelly was
13 served with a deposition subpoena to appear for
14 her deposition on June 25th.  She wrote to us on
15 May 24th, 2018 advising us that she was
16 unavailable on June 25th.  She said that she has
17 commitments on June 25th that she is unable to
18 change, and that no matter what, she is not
19 available at all on June 25th.  Further in that
20 letter, she says, quote:  I'm sorry I can't come
21 to talk about my complaint on June 25th.
22           By letter dated May 25th, 2018, Gary
23 Eidelman, counsel for defendant, wrote to
24 Ms. Kelly stating that he understands that June
25 25th would not work for Ms. Kelly for her
              UNCERTIFIED ROUGH DRAFT TRANSCRIPT

Kelly Julie 083118 Rough Draft.txt

1  deposition and provided additional dates for her
2  to choose from.  There were a couple more
3  communications back and forth between Ms. Kelly
4  and Mike Byrne, but she never at any time advised
5  that she was subsequently available on June 25th.
6  On June 25th, 2018, Ms. Kelly appeared at the
7  location for the deposition with her children in
8  tow; the deposition did not take place.
9  Thereafter, there were several more communications
10 back and forth requesting a rescheduled date for
11 her deposition.  That date -- that deposition was
12 never scheduled.
13        Defendants filed a motion to compel
14 Ms. Kelly's deposition.  That motion was filed in
15 the Southern District of Ohio on July 23rd, 2018.
16 Ms. Kelly opposed that motion.  The parties
17 appeared for a telephone conference with Judge bow
18 man on August 14th, 2018.  On that call, the
19 parties agreed that Ms. Kelly would be deposed on
20 August 31st at 12 p.m. that agreement was
21 memorialized in a minute entry order.  Also on
22 that call with the court, I advised the court that
23 the subpoena would also request the production of
24 documents, which was also included in the revised
25 subpoena.

              UNCERTIFIED ROUGH DRAFT TRANSCRIPT

                                                   3

1            (Thereupon, Kelly Exhibit 1, a 1-page
2  cover letter dated 8/14/18, with attachment, was

Kelly Julie 083118 Rough Draft.txt

3   marked for purposes of identification.)

4           MS. COOPER:  As marked as Exhibit 1

5   is a cover letter dated August 14, 2018 and a

6   subpoena demanding Ms. Kelly's appearance for her

7   deposition on August 31st, 2018 at Jackson Lewis

8   in Cincinnati, Ohio.  The deposition -- or the

9   subpoena also demands the production of documents.

10  This was sent to Ms. Kelly via electronic mail and

11  via USPS based on the parties' agreement.

12          On August 31st, this afternoon or

13  just before noon today, Mr. Shearer, who

14  represents the plaintiff, Steve Barger, in this

15  matter, arrived at Jackson Lewis' offices for

16  Ms. Kelly's deposition and advised that Ms. Kelly

17  had at shortly after 11:00 a.m. filed a motion for

18  a protective order.  He presented the first page

19  of that motion, which has not yet been uploaded to

20  the docket.  Mr. Shearer, did Ms. Kelly give it to

21  you or e-mail it to you.

22          MR. SHEARER:  Yeah, I just got an

23  e-mail, a one page.

24          MS. COOPER:  Ms. Kelly e-mailed it to

25  you this morning?

UNCERTIFIED ROUGH DRAFT TRANSCRIPT

4

1           MR. SHEARER:  Yeah.

2           MS. COOPER:  Okay.  So we have not

3   seen that entire motion, but we have seen the

4   first page.  Ms. Kelly advised in that motion

5   that -- well, in the motion for protective order,

Kelly Julie 083118 Rough Draft.txt
6  she's seeking to not be deposed and not have to

7  produce documents, and Mr. Shearer advised that

8  Ms. Kelly would not be showing up today. He has

9  also advised us multiple times in writing and

10 again today that he does not represent her in

11 connection with Ms. Kelly's deposition. We

12 contacted the Court to advise the court that

13 Ms. Kelly had not appeared for her deposition as

14 agreed by the parties on August 14th. The court

15 called Ms. Kelly. Actually, the judge, I'm sorry,

16 the judge called Ms. Kelly and left a voicemail

17 message for her suggesting that she appear for her

18 deposition and apparently advising her of what

19 might happen if she does not appear for her

20 deposition. We have not heard from Ms. Kelly

21 since that phone call, which took place shortly

22 before 12:30 p.m. this afternoon. Mr. Shearer,

23 have you heard from Ms. Kelly?

24          MR. SHEARER:  I have not.

25          MS. COOPER:  Okay.  I should also
              UNCERTIFIED ROUGH DRAFT TRANSCRIPT

5

1  note that with me today is Robin Ording, a vice

2  president at First Data, and the corporate

3  representative.  She is here representing the

4  company at Ms. Kelly's deposition.

5          (Thereupon, Kelly Exhibit 2, a 1-page

6  e-mail dated 8/31/18, was marked for purposes of

7  identification.)

8          MS. COOPER:  Exhibit 2 is an e-mail

Kelly Julie 083118 Rough Draft.txt
9  dated August 31st, 2018 at 1:46 p.m. it was sent

10  from the e-mail address JUL underscore Kelly at

11  Mac dot com, which is Ms. Kelly's e-mail address,

12  and it was sent to myself, Gary Eidelman, Matt

13  Byrne, Tim Callahan, and Barry Levin.  She cc'd

14  herself.  The subject is:  August 31st, 2018.  I'm

15  going to read the e-mail.

16          To:  Mr. Eidelman, Ms. Cooper,

17  Mr. Levin, Mr. Byrne, Mr. Callahan.  I went to the

18  courthouse today to file a protective order in the

19  Barger versus First Data case.  I realize that

20  Robin Ording was brought in for my deposition, the

21  Robin Ording who was my previous boss and

22  continuous tormenter.  Robin Ording is not a party

23  in the Barger versus First Data case.  To have the

24  audacity to do this to me clearly proved that my

25  protective order is 100 percent accurate.  It also
                UNCERTIFIED ROUGH DRAFT TRANSCRIPT

                                                    6

1  proves that you will do anything to harass me.

2  I've had to go to my doctors because of this.  I

3  am currently under my physician's care.  I will be

4  reaching out to the judge as soon as I feel more

5  calm.  For the fifth time, who is your attorney?

6  If you can't tell me, I hope you can tell the

7  judge.  Julie.  513-806-4893.

8          I want to put on the record that

9  Ms. Kelly did not appear today.  So it is unclear

10  how she knew Robin Ording was here at her

11  deposition.  Mr. Shearer, did you have any

```
                    Kelly Julie 083118 Rough Draft.txt
12   conversations with --

13              MR. SHEARER:  I did not have any

14   conversations with her.  I thought she was going

15   to be here.

16              MS. COOPER:  You thought that

17   Ms. Kelly would be here?

18              MR. SHEARER:  Until she told me that

19   she filed that.

20              MS. COOPER:  Do you know how she knew

21   that Ms. Ording was here?

22              MR. SHEARER:  I have no idea.

23              MS. COOPER:  Well, Ms. Kelly filed

24   the motion for protective order at I believe it's

25   time stamped 11:05 a.m.  Ms. Ording did not leave
                    UNCERTIFIED ROUGH DRAFT TRANSCRIPT
```

7

```
 1   her hotel room to walk over to the office building

 2   until after 11:30 a.m., so it is highly unlikely

 3   that Ms. Kelly saw Ms. Ording on the street before

 4   she filed her protective order.  So we will, of

 5   course, want some information as to how Ms. Kelly

 6   knew that Ms. Ording was here at the deposition

 7   when you're saying that you have not told her

 8   that.

 9              MR. SHEARER:  Um-hmm.

10              MS. COOPER:  So we will, of course,

11   follow up.  We will at this point -- Ms. Kelly is

12   not here.  The courted advised her to let us know

13   before 2 p.m. if she was showing up.  She is not

14   here, so we are going to leave this deposition
```

Kelly Julie 083118 Rough Draft.txt
15  open and we will seek further orders from the

16  court to compel Ms. Kelly's deposition.  Go off

17  the record.

18          MR. SHEARER:  I'd like to say one

19  thing.  I did notice when I signed in downstairs

20  that the sign-in sheet, Ms. Ording's name was on

21  that sign-in sheet, and we had to indicate the

22  time of sign-in, and we should probably get ahold

23  of the security sign-in sheet that's downstairs.

24          MR. BYRNE:  She had signed in?

25          MR. SHEARER:  Yes.
                UNCERTIFIED ROUGH DRAFT TRANSCRIPT

                                                    8

1           MR. BYRNE:  I did direct my assistant

2   to inform the front desk that Ms. Kelly, Ms.

3   Ording, Mr. Shearer, the court reporter, as well

4   as Gillian Cooper would be appearing, so they

5   would have her name written as people they could

6   let up to our office.  Our office is on a secured

7   floor, we're on the 26th floor.  You cannot get up

8   here without having a key card that you wave in

9   front of a monitor on the elevator.  So if you

10  don't have a key card, in other words, you're not

11  an employee, you have to check in with the front

12  desk, they'll let you up if you're pre approved.

13  If someone shows up that's supposed to be let up,

14  they call up here, and the security office called

15  up for Ms. Cooper, Ms. Ording, and Mr. Shearer.

16  My assistant has, to my knowledge, not received

17  any indication from the front desk that Ms. Kelly

Kelly Julie 083118 Rough Draft.txt

18   ever appeared.  I have no reason to believe that

19   she had any opportunity to come into our office

20   today because -- let me clarify.  I'm not saying

21   that we would have blocked her from entering.  I'm

22   saying I have no reason to believe that she

23   checked in at the front desk and came up.

24              MR. SHEARER:  What I'm saying is the

25   sign-in sheet downstairs has the times that people

                UNCERTIFIED ROUGH DRAFT TRANSCRIPT

9

1    entered.  So Ms. Ording's time of entry was right

2    before me, that's how I saw her name.  And so the

3    time that she signed in would be in there.

4              MS. COOPER:  We will check that.  I

5    know I actually did not sign in the sign-in sheet.

6    Ms. Kelly's motion was filed with the court at

7    11:05 a.m.  We will confirm that you did not sign

8    in until later that hour, so even if Ms. Kelly did

9    come to the office building and saw your name on

10   the sign-in sheet, it would have been after she

11   filed the motion for a protective order.  So it

12   could not have been a basis for her filing

13   protective order and she would have learned Ms.

14   Ording was here some other way.  But again, our

15   subpoena also speaks documents and communications,

16   so we will see that, we will talk to the court

17   about obtaining copies of those.  Go off the

18   record now.

19              (Off the record.)

20              (Thereupon, Exhibit 3, was marked for

Kelly_Julie_083118 Rough Draft.txt

21  purposes of identification.)

22          MS. COOPER:  We are back on the

23  record.  It is 2:19 p.m.  I'm entering as Exhibit

24  3, it is the first page of the motion for

25  protective order that Ms. Kelly filed today.

UNCERTIFIED ROUGH DRAFT TRANSCRIPT

10

 1  There is a date and time stamp on this motion or

 2  on this first page of this motion.  It's a little

 3  fuzzy to see but it says 2018, August 31st, 11:05

 4  a.m. I only have one copy, but this is the page

 5  that Mr. Shearer provided to me when he arrived

 6  this morning.  So Ms. Kelly filed her motion with

 7  the court at 11:05 a.m.

 8          (Thereupon, Exhibit 4, was marked for

 9  purposes of identification.)

10          MS. COOPER:  Exhibit 4 is the sign-in

11  sheet here at the PNC Center where Jackson Lewis'

12  offices are.  I want the record to be clear that

13  Mr. Burn, Mr. Shearer, and I walked down to the

14  front desk to check the sign-in sheet, and we can

15  see that Ms. Ording signed into the building at

16  11:25 a.m., which is, of course, 20 minutes after

17  Ms. Kelly filed her motion for a protective order

18  and the next person on the sign-in list is Mr.

19  Shearer, although, there is no time for his

20  sign-in, the person who signed in after him, who I

21  don't know who it is, but that person signed in at

22  12 noon.  So presumably, Mr. Shearer signed in

23  sometime between 11:25 a.m. and 12 noon.  So at

```
                 Kelly_Julie 083118 Rough_Draft.txt
24  this point, I will keep Ms. Kelly's deposition

25  open and we will seek further guidance from the
                   UNCERTIFIED ROUGH DRAFT TRANSCRIPT
```

11

```
 1  court and follow up on our motion to compel.

 2  Thank you.

 3                  (Thereupon, the deposition was

 4  concluded at 2:21 p.m.)

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

# EXHIBIT D

| | |
|---|---|
| **From:** | Julie <jul_kelly@mac.com> |
| **Sent:** | Friday, August 31, 2018 1:46 PM |
| **To:** | Cooper, Gillian A.; Eidelman, Gary B.; Matthew.Byrne@jacksonlewis.com; Callahan, Timothy W.; Levin, Barry F. |
| **Cc:** | Jul Kelly |
| **Subject:** | August 31, 2018 |

**\*\*EXTERNAL EMAIL\*\* - This message originates from outside our Firm. Please consider carefully before responding or clicking links/attachments.**

To: Mr. Eidelman, Ms. Cooper, Mr. Levin, Mr. Byrne and Mr. Callahan,

I went to the courthouse today to file a protective order in the Barger v. First Data Case. I realized that Robin Ording was brought in for my deposition. The Robin Ording who was my previous boss and continuous tormentor. Robin Ording is not a party in the Barger v. First Data case. To have the audacity to do this to me clearly proves that my protective order is 100% accurate. It also proves that you will do anything to harass me. I've had to go to my doctors because of this. I am currently under my physicians care. I will be reaching out to the judge as soon as I feel more calm.

For the fifth time, who is your attorney? If you can't tell me, I hope you can tell the judge.

Julie

513.806.4893

1

# EXHIBIT E

# PNC CENTER

## SIGN-IN SHEET

DATE: August 30, 2018

| PRINTED NAME (please print clearly) | COMPANY VISITING | FLOOR # | YOUR COMPANY | CARD # | TIME IN | TIME OUT |
|---|---|---|---|---|---|---|
| J. Willis | | 911 | BNA | C-1 | 13:38 | 4:05 |
| Michael Flanigan | Jackson Lewis | 26 | BVA | | 10:56 | |
| Matt Rothermal | Jackson Lewis | 26 | BVA | | 5:59 | |
| Seth Stinson | | | | | | |
| JOE TURNER | | 23/21 | SCS | | 6:50 | 1:45 |
| Dan Burns | | 23/21 | SCS | C-1 | 6:50 | 1:45 |
| John Horton | | 23/21 | SCS | | 6:50 | 1:45 |
| John Deaton | JACKSON Lewis | 26 | D/Kuehnfos | | 6:50 | 11:00 |
| Troy Hull | Retina Rue | Basement | Deben | | 6:50 | |
| Troy Bush | Jackson Lewis | 26 | B&Y | | 10:51 | |
| Joel Boupletti | FEb | 16 | VL | | 11:18 | |
| Robin Ording | Jackson Lewis | 26 | First Data | | 1125 | |
| Shawn Shearer | Jackson Lewis | 26 | First Data | | | |
| Dan Russ | | 18 | | | 12:00 | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

M/Forms/PNCenter/Security Sign in Sheet



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

STEVEN B. BARGER, an individual,         Civil Case No. EDNY: 1:17-cv-04869-FB-LB

      Plaintiff,

                                Civil Case No. 1:18-mc-00010-SJD-SKB

v.

FIRST DATA CORPORATION, et al.,

      Defendants.

**PROPOSED ORDER**

**THIS MATTER** having been opened to the Court by application of Defendants First Data Corporation, Frank Bisignano, Dan Charron, Anthony Marino, Karen Whalen, and Rhonda Johnson, for an order pursuant to Rule 45 of the Federal Rules of Civil Procedure compelling Julie Kelly, a third party, to comply with a deposition subpoena properly served in connection with an action pending in the United States District Court for the Eastern District of New York, and the Court having read and considered the submissions of the parties and having heard argument of counsel, if any, and for the reasons expressed on the record and for good cause shown:

**IT IS** on this _____ day of _____ 2018;

**ORDERED** that Defendants' Motion to Compel Compliance with Rule 45 Deposition Subpoena to Julie Kelly (ECF No. 1) is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Julie Kelly is compelled to appear for a deposition at a date and time to be set by the Court;

**IT IS FURTHER ORDERED** that Defendants' request for attorneys' fees and costs is hereby **GRANTED**, and Defendants are ordered to submit to the Court an itemization of their

attorneys' fees and costs associated with the deposition that Kelly failed to attend on August 31, 2018, so that the Court may determine the precise amount to be awarded;

**IT IS FURTHER ORDERED** that Kelly's Motion for Sanctions (ECF No. 7) is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Kelly's Request for Order Granting Motion for Sanctions (ECF No. 8) is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Kelly's Motion for Protective Order (ECF No. 10) is hereby **DENIED**.

_____

MAGISTRATE JUDGE STEPHANIE K. BOWMAN

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| STEVEN B. BARGER, an individual, | Civil Case No. EDNY: 1:17-cv-04869-FB-LB |
| Plaintiff, | |
| v. | Civil Case No. 1:18-mc-00010-SJD-SKB |
| FIRST DATA CORPORATION, et al., | |
| Defendants. | |

### DEFENDANTS' MOTION TO SHORTEN TIME FOR KELLY TO REPLY

Defendants First Data Corporation, Frank Bisignano, Dan Charron, Anthony Marino, Karen Whalen, and Rhonda Johnson respectfully submit this Motion to Shorten the Time for Kelly to Reply to ECF Nos. 7, 8, and 10.

1.    Kelly filed a Motion for Sanctions (ECF No. 7) on August 14, 2018.

2.    Kelly filed a Motion for Order Granting Motion for Sanctions (ECF No. 8) on August 29, 2018.

3.    Kelly filed a Motion for Protective Order (ECF No. 10) on August 31, 2018.

4.    Defendants filed its opposition to the three Motions on September 4, 2018.

5.    The Local Rules provide that a party may file a reply to an opposition within 14 days of service. Thus, pursuant to the Local Rules, Kelly's reply memorandums are due by September 18, 2018.

6.    However, the discovery deadline in the *Barger* lawsuit in September 28, 2018.

7.    Accordingly, Defendants request that any reply to the Opposition to the Motion for Sanction, Opposition to the Motion for Order Granting Motion for Sanctions, and/or the

Opposition to the Motion for Protective Order be shortened to a period of three days and be filed

by 5 PM on Friday, September 7, 2018.

<div style="margin-left: 40%;">

Respectfully submitted,

*/s/ Matthew R. Byrne*
Matthew R. Byrne (0082228)
JACKSON LEWIS P.C.
PNC Center, 26th Floor
201 E. Fifth Street
Cincinnati, Ohio 45202
Telephone: (513) 898-0050
Facsimile: (513) 898-0051
Email: matthew.byrne@jacksonlewis.com
*Local Counsel for Defendants*

</div>

*Of Counsel:*

**SAUL EWING ARNSTEIN & LEHR LLP**
*A Delaware LLP*

Gary B. Eidelman, Esq.
500 E Pratt Street
Baltimore, Maryland 21202
T: (410) 332-8975
Gary.Eidelman@saul.com

Gillian A. Cooper, Esq.
650 College Road East, Suite 4000
Princeton, New Jersey 08540
T: (609) 452-5021
Gillian.Cooper@saul.com

Lindsey C. Kennedy, Esq.
One PPG Place, Suite 3010
Pittsburgh, Pennsylvania 15222
T: (412) 209-2555
Lindsey.Kennedy@saul.com

*Attorneys for Defendants*

Dated: September 4, 2018

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on the following

via electronic mail and regular mail:

Julie Kelly
823 Dorgene Lane
Cincinnati, Ohio 45244

I hereby certify that a true and correct copy of the foregoing was served on the following

via electronic mail:

David A. Zeitlin, Esq.
Zeitlin & Zeitlin, P.C.
50 Court Street, Suite 506
Brooklyn, New York 11201
T: (718) 522-5644
david@zeitlinlawfirm.com
*Attorneys for Plaintiff*

Shawn E. Shearer, Esq.
The Law Office of Shawn Shearer, P.C.
3839 McKinney Avenue, Suite 155-254
Dallas, Texas 75204
T: (214) 434-1594
shawn@shearerlaw.pro
*Attorneys for Plaintiff*

*/s/ Matthew R. Byrne*
Matthew R. Byrne

Dated: September 4, 2018

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

STEVEN B. BARGER, an individual,

      Plaintiff,

v.

FIRST DATA CORPORATION, et al.,

      Defendants.

Civil Case No. EDNY: 1:17-cv-04869-FB-LB

Civil Case No. 1:18-mc-00010-SJD-SKB

## PROPOSED ORDER

**THIS MATTER** having been opened to the Court by application of Defendants First Data Corporation, Frank Bisignano, Dan Charron, Anthony Marino, Karen Whalen, and Rhonda Johnson, for an order to Shorten Time for Kelly to Reply to ECF Nos. 7, 8, and/or 10 from 14 days to three days, and the Court having read and considered the submissions of the parties and having heard argument of counsel, if any, and for the reasons expressed on the record and for good cause shown:

**IT IS** on this _____ day of _____ 2018;

**ORDERED** that Defendants' Motion to Shorten Time for Kelly to Reply to ECF Nos. 7, 8, and 10 is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the time to file any reply memorandum in support of ECF Nos. 7, 8, and/or 10 shall be shortened from 14 days to three days;

**IT IS FURTHER ORDERED** that Kelly must file any reply memorandum in support of ECF Nos. 7, 8, and/or 10 by 5 PM on Friday, September 7, 2018.

_____
MAGISTRATE JUDGE STEPHANIE K. BOWMAN

**CERTIFICATION AND CLOSING**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this **REPLY IN SUPPORT OF MOTION FOR SANCTIONS**: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the **REPLY IN SUPPORT OF MOTION FOR SANCTIONS:** otherwise complies with the requirements of Rule 11.

September 13 , 2018

_Juli K. Kelly_

*Pro Se*

Julie K. Kelly
823 Dorgene Lane
Cincinnati, OH 45244
(P) 513.806.4893
(e) jul_kelly@mac.com

**CERTIFICATE OF SERVICE**

I hereby certify that on <u>September 13 , 2018</u>, a copy of the foregoing document was delivered

to the Clerk of Court for filing in the Court's electronic filing system (CM/ECF), which will send el

ectronic notification of such filing to all parties represented by attorneys who are registered CM

/ECF users.

September 13, 2018

*Pro Se*
Julie K. Kelly
823 Dorgene Lane
Cincinnati, OH 45244
(P) 513.806.4893
(e) jul_kelly@mac.com