IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| STEVEN B. BARGER, an individual, | Civil Case No. EDNY: 1:17-cv-04869-FB-LB |
| Plaintiff, | |
| v. | Civil Case No. SDOH: 1:18-mc-00010-SJD-SKB |
| FIRST DATA CORPORATION, et al., | Judge Susan Dlott |
| Defendants. | Magistrate Judge Stephanie Bowman |

## **DEFENDANTS' OPPOSITION TO KELLY'S RULE 72(a) OBJECTION**

Defendants First Data Corporation, Frank Bisignano, Dan Charron, Anthony Marino, Karen Whalen, and Rhonda Johnson respectfully submit this Opposition to Julie Kelly's Rule 72(a) Objection. In support of their Opposition, Defendants state as follows:

### A. INTRODUCTION

Third party witness Julie Kelly ("Kelly") raises a number of ancillary issues and makes several misstatements throughout her Rule 72(a) Objection (ECF No. 24) requesting that the Court overrule Magistrate Judge Stephanie K. Bowman's order compelling her to attend a deposition. However, the undisputed facts demonstrate that Judge Bowman's order was proper under the law and was not clearly erroneous or contrary to law. Judge Bowman's Order should not be altered or overruled. Although there are quite a number of docket entries in this Miscellaneous matter, the facts supporting Judge Bowman's decision can really be distilled as follows:

- On November 26, 2016, Defendants listed Kelly (then employed by Defendant First Data as a manager) on their Rule 26(a) initial disclosures in the matter of *Barger v. First Data Corporation, et al,* Case No. 1:17-cv-4869, pending in the United States District Court

for the Eastern District of New York. The initial disclosures indicated that Kelly may have "knowledge of Plaintiff's performance as Manager of the Training Department and may have knowledge regarding the allegations set forth in the Complaint." *See* Declaration of Gillian A. Cooper, Esq. dated October 5, 2018 ("Cooper Decl."), <u>Exhibit A</u>, Defendants' Initial Disclosures Pursuant to Rule 26(a). It is standard practice to state in initial disclosures that an employer's managers may be contacted through counsel.

- Kelly later resigned from First Data. Since she lives more than 100 miles from the Courthouse in Brooklyn, New York where the *Barger* case is pending, Defendants served a subpoena for her deposition pursuant to Rule 45 of the Federal Rules of Civil Procedure. *See* Cooper Decl., <u>Exhibit B</u>.

- Kelly told Defendants by various means that she was unavailable on the scheduled date, would not comply with the subpoena, refused to provide Defendants dates on which she would voluntarily appear for a deposition, and failed to appear for her rescheduled deposition on August 31, 2018, even after participating in a status conference before Judge Bowman where she agreed to appear at the August 31 deposition.

- After Kelly failed to appear, Defendants filed supplemental briefing on their Motion to Compel. Following a telephone hearing on September 18, 2018, during which Kelly was present and argued *pro se,* the Court granted Defendants' Motion to Compel Deposition, compelling Kelly to attend a deposition at the Courthouse on October 15, 2018.

**A.** **<u>PROCEDURAL HISTORY</u>**

1. On May 23, 2018, Kelly, a resident of the State of Ohio, was personally served with a subpoena compelling her to attend a deposition in the *Barger* case, which is an

-3-

employment discrimination case. *See* Cooper Decl., Exhibit B The subpoena directed Kelly to appear for a deposition on June 25, 2018, at 10:00 AM, in Cincinnati, Ohio. *Id.*

2. Accompanying the subpoena was a letter advising Kelly that if the June 25, 2018, date was not convenient for her, the undersigned counsel would work with her to schedule a mutually convenient date. *Id.*

3. On May 24, 2018, Kelly replied to Defendants in which she stated that "I have commitments on June 25th that I am unable to change" and that "No matter what, I am not available at all on June 25." *See* Cooper Decl., Exhibit C, Letter dated May 24, 2018 from Kelly.

4. On May 25, 2018, Defendants replied and acknowledged that Kelly was not available on June 25. Defendants offered 13 additional dates in June and July, and asked Kelly to confirm if any of these dates worked with her schedule. Defendants additionally offered to pay the costs of her childcare. *See* Cooper Decl., Exhibit D, Letter dated May 25, 2018, from Gary Eidelman.

5. Kelly never responded to Defendants regarding the additional dates offered.

6. On June 21, 2018, Gillian A. Cooper, Esq., one of Defendants' lawyers, called Kelly and left a voicemail in which she identified herself as counsel for Defendants. *See* Cooper Decl., Exhibit E, ECF 1-1, Certificate of Good Faith Compliance of Gillian A. Cooper, Esq. In her message, Cooper confirmed that Kelly was unavailable to be deposed on June 25, 2018. *Id.* She also requested that Kelly return her call to discuss scheduling her deposition at a mutually agreeable date and time. *Id.* Kelly never returned Cooper's telephone call. *Id.*

7. Unbeknownst to Defendants, and despite her numerous statements to the contrary, Kelly appeared for her deposition on June 25, 2018, with her children.[1] By letter of that same date, Kelly wrote that she "never received a confirmed cancellation" of her deposition so she "felt obligated to show up." *See* Exhibit F.[2] She again confirmed that she does "not have any legal representation for this case." *Id.*

8. On July 3, 2018, Ms. Cooper again wrote to Kelly, advising that she is representing Defendants and that she had left a message regarding the need to schedule her deposition but had not heard from her. *See* Cooper Decl., Exhibit G.

9. On July 6, 2018, counsel received a letter from Kelly dated June 27, 2018, again claiming that counsel did not "confirm that the June 25th [date] was cancelled" and that she appeared with her three children.[3] *See* Cooper Decl., Exhibit H. Ms. Kelly then requested that counsel use email to communicate going forward. *Id.*

10. On July 10, 2018, counsel emailed Kelly requesting to set up a telephone call. *See* Cooper Decl., Exhibit I, p. 3. In response, Kelly replied by asking, "Ms. Cooper, Are you my lawyer?" *Id.* Gary B. Eidelman, lead counsel for the Defendants, replied that no, Defendants' lawyers are not Kelly's lawyers and she was being contacted via email as directed. *Id.* at p. 2. Again Kelly responded, "Mr. Eidelman, Are you my lawyer?" to which she received the response, "No I am not and never have been. Wherever did you get that idea?" *Id.* Kelly

---

[1] Just prior to defending the deposition of a witness in the *Barger* case in Atlanta, Georgia, Defendants learned from Shearer that Kelly had apparently shown up for her deposition in Cincinnati, despite multiple representations that he does not represent her for purposes of a deposition.

[2] It is unclear what Kelly means by calling it a "confirmed" cancellation, as she made it quite clear that she was unavailable on June 25th. *See* Cooper Decl., Exhibit C. By letter dated May 25, 2018, counsel confirmed that Kelly was unavailable. *See* Cooper Decl., Exhibit D. Further, Cooper called Kelly on June 21, 2018, leaving a voicemail confirming that Kelly was unavailable on June 25th. *See* Cooper Decl., Exhibit E.

[3] Defendants indicated they would pay for childcare costs, not provide a babysitter at her deposition. *See* Cooper Decl., Exhibit D. This offer stands.

responded, "You gave me that idea as you are the lawyer for First Data's defendants." *Id.* at pp. 1-2.

11. Defendants' counsel then sent Kelly yet another email trying to schedule her deposition which stated as follows:

> Ms. Kelly:
>
> We are not your lawyers. Please provide us with dates that you are available for a deposition. If we cannot agree to a date, we will be forced to move before the United States District Court for the Southern District of Ohio to compel your deposition.

*Id.*

12. Kelly replied:

> Ms. Cooper & Mr. Eidelman,
>
> Quite honestly, I have no idea who either of you are, other than lawyers for First Data defendants in a federal law suit. I don't understand why I'm being asked to provide other dates for a deposition when I showed up to the original (not cancelled) one.

*Id.*

13. Having unsuccessfully attempted to work with Kelly to schedule her deposition, Defendants moved to compel Kelly's deposition in the above-captioned matter. *See* ECF No. 1.

14. The Court scheduled a telephone conference for August 14, 2018. *See* ECF No. 6. At that conference, Kelly agreed that she would appear for a deposition on August 31, 2018, at 12:00 PM at the law firm of Jackson Lewis, 201 E. Fifth Street, Cincinnati, Ohio. *See* Docket Entry dated August 14, 2018. The parties further agreed that the deposition would conclude by 4:00 PM. *Id.* The parties further agreed that First Data would reimburse Kelly for child-care costs associated with the deposition. *Id.* On the call, the Court discussed with Defendants issuing a new subpoena to Kelly, which Defendants did issue. Defendants advised Kelly that the new

subpoena would include a request for the production of documents. Kelly agreed to accept service of the subpoena via regular mail. *Id.*

15. On August 14, 2018, Defendants served a revised subpoena on Kelly in accordance with what had been agreed to during the conference with the Court.[4]

16. Kelly failed to appear for the August 31, 2018, deposition at 12 noon, and instead filed a Motion for Protective Order earlier that morning at 11:05 AM. *See* ECF No. 10.

17. On September 19, Judge Bowman granted Defendants' Motion to Compel Kelly's deposition and ordered her deposition to occur on October 15, 2018, at 12:00 PM at the United States Potter Stewart Courthouse in Cincinnati, Ohio. *See* ECF No. 21 (the "Order"). The Court further ordered Kelly to bring any and all documents in her possession as requested. The Court denied Kelly's Motion for Protective Order, and further denied several other motions filed by Kelly in this action (*see* ECF No. 4, ECF No. 8, ECF No. 10, ECF No. 18, and ECF No. 19). *Id.*

18. On October 2, 2018, 13 days after the entry of Judge Bowman's Order, Kelly filed the instant Rule 72(a) Objection, in which she argues that Judge Bowman's Order (see ECF No. 21) was clearly erroneous and contrary to law.[5]

---

[4] Kelly appears to make the confusing argument that if there was a need to issue a revised subpoena, then it proves that the first subpoena was somehow invalid. *See* ECF No. 24, Part V. This argument is meritless. The revised subpoena was issued as a result of the August 14, 2018 telephone conference with the Court where the parties agreed to a new date for Kelly's deposition. The revised subpoena reflected that new date, given that the original subpoena date was for June 25, 2018 (the date on which Kelly stated to Defendants she would not comply).

[5] Although Kelly has filed numerous motions in this action, she has not filed a Motion for Protective Order with respect to the scheduled deposition date. Undoubtedly, she believes that the filing of the Rule 72(a) Objection alone serves as justification to not appear on October 15, 2018. The filing of such an Objection does not permit her to skip her deposition. Nonetheless, since Defendants have already spent thousands of dollars trying to schedule Kelly's deposition, they do not want to appear on October 15, 2018, only to have Kelly no-show. Defendants request that the Court promptly deny the Objection so that Kelly must appear for her deposition at the previously ordered date and time.

**B.     LEGAL STANDARD**

19.    Parties requesting relief under Rule 72 face a high burden. Rule 72 permits a party to object to the order of a magistrate judge. For orders on non-dispositive motions, such as the discovery matter at issue here, the district court "must modify or set aside any part of a non-dispositive order that is clearly erroneous or is contrary to law." *Bays v. Warden*, 2014 U.S. Dist. LEXIS 627, at *3-4 (S.D. Ohio Jan. 3, 2014); Fed. R. Civ. P. 72(a).

20.    The "'clearly erroneous' standard applies to factual findings made by the magistrate judge." *Id.* at *4. "A magistrate judge's factual findings are considered clearly erroneous if, on the entire evidence, the court is left with the definite and firm conviction that a mistake has bene committed." *Id.* at *4. "The test is whether there is evidence in the record to support the magistrate judge's finding and whether the magistrate judge's construction of that evidence is reasonable." *Id.* at *4.

21.    The "contrary to law" standard applies to the magistrate judge's legal conclusions. *Id.* at *4. "A legal conclusion is contrary to law if the court determines that the magistrate judge's legal conclusion 'contradict or ignore applicable precepts of law. . . .'" Id. at *4 (ellipsis in original).

22.    This Court has explained that, in the Rule 72(a) context, "[b]oth of these standards provide considerable deference to the determinations made by the magistrate judge." *Id.* at *4.

**C.     ARGUMENT**

23.    Although never clearly stated, it appears that Kelly's motion argues that Judge Bowman's Order was contrary to law because the Court lacked jurisdiction to compel her deposition.

24. The Court's Order is not contrary to law and, to the contrary, was in accordance with the Federal Rules of Civil Procedure.

25. Under the Federal Rules, a subpoena must issue from the court where the action is pending, and, among other things, may only compel a third party to attend a deposition "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(a)(2), (c)(1).

26. Here, the underlying subpoena which the Court Order compelled for deposition was: (1) issued by the United States District Court for the Eastern District of New York (where the *Barger* action is pending); and (2) set the location for Kelly's deposition in Cincinnati, Ohio (within 100 miles of where she resides). *See* Cooper Decl., Exhibit B.

27. In accordance with Rule 45(d) and (e), the underlying Motion to Compel that the Order granted was filed in the Southern District of Ohio, because that is the district where compliance is required.

28. Kelly's statement that she would not attend her deposition on June 25, 2018, her refusal to confer with undersigned counsel on deposition dates, and her failure to appear for her rescheduled deposition on August 31, 2018, have all necessitated Judge Bowman's Order compelling her to appear for deposition at the Courthouse on October 15, 2018. The Order is not contrary to law or clearly erroneous because it enforces the Federal Rules and was in accordance with the evidence as presented in this matter.

29. Fact discovery in the underlying *Barger* case closed on September 28, 2018. Upon motion of Defendants, Judge Bloom, the Magistrate Judge presiding over discovery in that case, granted a limited extension of discovery to allow Defendants to complete the deposition of Kelly (as well as for two additional third party witnesses). *See* Cooper Decl., Exhibit J, Paperless

Order dated September 18, 2018, Court Docket Printout. The parties must report to Judge Bloom by October 12, 2018, regarding the status of the outstanding non-party depositions, imposing an urgency for a decision on Kelly's Rule 72(a) Motion.

### D. **CONCLUSION**

30. For the foregoing reasons, Defendants respectfully request that this Court deny Kelly's Rule 72(a) Objection on the grounds that she has failed to set forth any factual or legal basis to overturn Judge Bowman's Order as clearly erroneous or contrary to law. Defendants further request that the Court Order Kelly to attend the deposition scheduled for October 15, 2018, and produce any and all requested documents in her possession.

Respectfully submitted,

*/s/ Matthew R. Byrne*
Matthew R. Byrne (0082228)
JACKSON LEWIS P.C.
PNC Center, 26th Floor
201 E. Fifth Street
Cincinnati, Ohio 45202
Telephone: (513) 898-0050
Facsimile: (513) 898-0051
Email: matthew.byrne@jacksonlewis.com
*Local Counsel for Defendants*

*Of Counsel:*

Gillian A. Cooper, Esq. (admitted *pro hac vice*)
650 College Road East, Suite 4000
Princeton, New Jersey 08540
T: (609) 452-5021
Gillian.Cooper@saul.com

*Attorneys for Defendants*

Dated: October 5, 2018

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on the following via regular mail and electronic mail:

Julie Kelly
823 Dorgene Lane
Cincinnati, Ohio 45244

I hereby certify that a true and correct copy of the foregoing was served on the following counsel via electronic mail:

David A. Zeitlin, Esq.
Zeitlin & Zeitlin, P.C.
50 Court Street, Suite 506
Brooklyn, New York 11201
T: (718) 522-5644
david@zeitlinlawfirm.com
*Attorneys for Plaintiff*

Shawn E. Shearer, Esq.
The Law Office of Shawn Shearer, P.C.
3839 McKinney Avenue, Suite 155-254
Dallas, Texas 75204
T: (214) 434-1594
shawn@shearerlaw.pro
*Attorneys for Plaintiff*

                                                          */s/ Matthew R. Byrne*
                                                          Matthew R. Byrne

Dated: October 5, 2018