## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

STEVEN B. BARGER, an individual,

       Plaintiff,

v.

FIRST DATA CORPORATION, et al.,

       Defendants.

Civil Case No. EDNY: 1:17-cv-04869-FB-LB

Civil Case No. 1:18-mc-00010-SJD-SKB

## DECLARATION OF GILLIAN A. COOPER, ESQ.

I, Gillian A. Cooper, an attorney at law, being of full age, hereby certifies as follows:

1.     I am a licensed attorney in the State of New Jersey and the State of New York.

2.     I am also admitted to practice in the District of New Jersey, Southern District of New York, Eastern District of New York, and the District of Connecticut.

3.     On September 24, 2018, the Court granted my motion for leave to appear *pro hac vice* in this matter.

4.     I am an associate of the law firm of Saul Ewing Arnstein & Lehr LLP, counsel for Defendants First Data Corporation, Frank Bisignano, Dan Charron, Anthony Marino, Karen Whalen, and Rhonda Johnson. As such, I am fully familiar with the facts stated herein, and make this declaration (1) in opposition to Kelly's Rule 72(a) Objection (*see* ECF No. 24).

5.     Attached hereto as Exhibit A is a true and correct copy of Defendants' Initial Disclosures Pursuant to Rule 26(a).

6.     Attached hereto as Exhibit B is a true and correct copy of the Cover Letter and Subpoena to Kelly dated May 16, 2018.

7.     Attached hereto as <u>Exhibit C</u> is a true and correct copy of the letter dated May 24, 2018 from Kelly.

8.     Attached hereto as <u>Exhibit D</u> is a true and correct copy of the letter dated May 25, 2018, from Gary B. Eidelman, Esq..

9.     Attached hereto as <u>Exhibit E</u> is a true and correct copy of the Declaration of Gillian A. Cooper, Esq. dated July 23, 2018.

10.     Attached hereto as <u>Exhibit F</u> is a true and correct copy of the letter dated June 25, 2018, from Kelly.

11.     Attached hereto as <u>Exhibit G</u> is a true and correct copy of the letter dated July 3, 2018, from Gillian A. Cooper.

12.     Attached hereto as <u>Exhibit H</u> is a true and correct copy of the letter dated July 6, 2018, from Kelly.

13.     Attached hereto as <u>Exhibit I</u> is a true and correct copy of the July 10, 2018 email chain.

14.     Attached hereto as <u>Exhibit J</u> is a true and correct copy of the Paperless Order dated September 18, 2018, Court Docket Printout.

15.     I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Gillian A. Cooper

Dated: October 5, 2018

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN B. BARGER, | Civil Case No.: 1:17-cv-04869-FB-LB |
| Plaintiff, | |
| v. | **DEFENDANTS INITIAL DISLCOSURES** <br> **PURSUANT TO FED. R. CIV. P. 26(a)** |
| FIRST DATA CORPORATION, *et. al,* | |
| Defendants. | |

Defendants First Data Corporation ("First Data"), Frank Bisignano, Dan Charron, Anthony Marino, Karen Whalen, Lori Graesser, and Rhonda Johnson (collectively "Defendants"), by and through their undersigned counsel, hereby provide their initial disclosures as required by Fed. R. Civ. P. 26(a)(1). In making their initial disclosures, Defendants do not waive any protection provided by the attorney work product doctrine, attorney-client privilege, or any other applicable privilege, doctrine, or immunity. Moreover, Defendants reserve the right to supplement these initial disclosures as additional discovery, investigation and analysis may warrant or require.

1. **Rule 26(a)(1)(A)(i): The name and, if known, the address, and telephone number of each individual likely to have discoverable information — along with the subjects of that information — that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

| Name | Address/Telephone Number | Subject of Information |
|---|---|---|
| Plaintiff Steven B. Barger | Stephen M. Zeitlin, Esq. <br> David A. Zeitlin, Esq. <br> Zeitlin & Zeitlin, P.C. <br> 50 Court Street, Suite 506 <br> Brooklyn, New York 11201 <br> T: (718) 522-5644 <br> david@zeitlinlawfirm.com <br> *Attorneys for Plaintiff* | Plaintiff, a former employee of First Data, has knowledge regarding his employment with First Data, the allegations of his Complaint, his alleged damages, and efforts at mitigation. |

|  | Shawn E. Shearer The Law Office of Shawn Shearer, P.C. 3839 McKinney Avenue, Suite 155-254 Dallas, Texas 75204 T: (214) 434-1594 shawn@shearerlaw.pro |  |
|---|---|---|
| Shawn E. Shearer, Esq. | The Law Office of Shawn Shearer, P.C. 3839 McKinney Avenue, Suite 155-254 Dallas, Texas 75204 T: (214) 434-1594 shawn@shearerlaw.pro | Mr. Shearer has knowledge and information regarding his severance negotiations with Defendant Graesser, as alleged in ¶¶ 169-174 of the Complaint. |
| Defendant Frank Bisignano | This witness may only be contacted through the undersigned counsel. | Defendant Bisignano, the CEO of First Data, has knowledge regarding the decision to implement a reduction in force which began in late 2016 and the inclusion of Plaintiff in the reduction in force. He may also have some information regarding Plaintiff's employment with First Data. |
| Defendant Dan Charron | This witness may only be contacted through the undersigned counsel. | Defendant Charron, an EVP of First Data and Plaintiff's ultimate supervisor, has knowledge regarding the reduction in force which began in late 2016 and his decision after consultation with members of management to include Plaintiff in the reduction in force. He is likely to also have knowledge regarding certain of First Data's policies, practices, and procedures, Plaintiff's employment with First Data and the allegations set forth in the Complaint. |
| Defendant Anthony Marino | This witness may only be contacted through the undersigned counsel. | Defendant Marino, an EVP of First Data, has knowledge regarding the reduction in |

| | | |
|---|---|---|
| | | force which began in late 2016 and the decision to include Plaintiff in the reduction in force. He also has knowledge of his interactions with Plaintiff as alleged in the Complaint and Plaintiff's leave of absence. He is likely to also have knowledge regarding certain of First Data's personnel policies, practices, and procedures and Plaintiff's employment with First Data. |
| Defendant Karen Whalen | This witness may only be contacted through the undersigned counsel. | Defendant Whalen, an SVP of First Data, has knowledge regarding the reduction in force which began in late 2016 and the decision to include Plaintiff in the reduction in force. She also has knowledge regarding certain of First Data's personnel policies, practices, and procedures and Plaintiff's employment with First Data. |
| Defendant Lori Graesser | This witness may only be contacted through the undersigned counsel. | Defendant Graesser, an Associate General Counsel of First Data, has non-privileged information regarding her severance negotiations with Plaintiff's counsel Shawn Shearer as alleged in the Complaint. She also has non-privileged information regarding First Data's personnel policies, practices, and procedures. She may also have knowledge of other information regarding the allegations in the Complaint, but this information is subject to the attorney client and/or work product privileges given her role as in house counsel at First Data. |

| Defendant Rhonda Johnson | This witness may only be contacted through the undersigned counsel. | Defendant Johnson, a VP of First Data, has knowledge regarding Plaintiff's performance as a manager and her counseling of him with respect to various personnel issues, his leave of absence, First Data's personnel policies, practices, and procedures, the terms and conditions of Plaintiff's employment and termination, the reduction in force, and the allegations set forth in the Complaint regarding her interactions with Plaintiff. |
|---|---|---|
| Jeffrey Hack | This witness may only be contacted through the undersigned counsel. | Mr. Hack is a former First Data EVP and Plaintiff's immediate supervisor who was also laid off due the reduction in force at or around the same time that Plaintiff was notified of his inclusion in the reduction in force. He has knowledge regarding the reduction in force which began in late 2016 and the decision to include Plaintiff in the reduction in force. He also has knowledge of Plaintiff's performance as a First Data employee. |
| Justin Stamey | This witness may only be contacted through the undersigned counsel. | Mr. Stamey, an employee of First Data who worked with Plaintiff in the Training Department, has knowledge of Plaintiff's performance as Manager of the Training Department and may have knowledge regarding the allegations set forth in the Complaint. |
| Theresa Ward | This witness may only be contacted through the undersigned counsel. | Ms. Ward, a former employee of First Data who worked with Plaintiff in the Training Department, has knowledge of |

-4-

| | | |
|---|---|---|
| | | Plaintiff's performance as Manager of the Training Department and may have knowledge regarding the allegations set forth in the Complaint. |
| Julie Kelly | This witness may only be contacted through the undersigned counsel. | Ms. Kelly, an employee of First Data who worked with Plaintiff in the Training Department, has knowledge of Plaintiff's performance as Manager of the Training Department and may have knowledge regarding the allegations set forth in the Complaint. |
| Katie Delaney Broderick | This witness may only be contacted through the undersigned counsel. | Ms. Delaney Broderick, a former employee of First Data, has knowledge of Plaintiff's performance as Manager of the Training Department and may have knowledge regarding the allegations set forth in the Complaint. |
| Gita Patel | This witness may only be contacted through the undersigned counsel. | Ms. Patel, an employee of First Data and Plaintiff's former executive assistant, has knowledge of Plaintiff's performance as Manager of the Training Department and may have knowledge regarding the allegations set forth in the Complaint. |
| James Britt | This witness may only be contacted through the undersigned counsel. | Mr. Britt, an employee of First Data, worked with Plaintiff as his HR Partner prior to Defendant Johnson assuming this role. Mr. Britt is likely to have knowledge regarding certain of First Data's personnel policies, practices, and procedures and Plaintiff's employment with First Data. |
| Robin Ording | This witness may only be contacted through the | Ms. Ording, a First Data VP, has knowledge regarding the |

| | undersigned counsel. | Training Group and may have knowledge regarding the allegations set forth in the Complaint. |
|---|---|---|
| Kathy Benhardt | This witness may only be contacted through the undersigned counsel. | Ms. Benhardt, a First Data VP, has knowledge regarding First Data's personnel policies, practices, and procedures and information regarding the reduction in force. |
| Joseph Plumeri | This witness may only be contacted through the undersigned counsel. | Mr. Plumeri, the Vice Chairman of First Data, has knowledge regarding Plaintiff's employment with First Data and his interactions with Plaintiff. |
| Dr. Louis Harrison | | As alleged in ¶¶ 96-101 of the Complaint, Dr. Harrison was one of Plaintiff's doctors. |
| Dr. Tapan Padhya | | As alleged in ¶¶ 112-115 of the Complaint, Dr. Padhya was one of Plaintiff's doctors. |
| All persons identified in Plaintiff's Rule 26(a) disclosures, supplemental disclosures, discovery responses, and document production. | | |
| All persons identified by Defendants in their discovery responses and document production. | | |

Defendants reserve the right to amend these disclosures during the course of discovery and incorporates herein by reference those individuals identified by Plaintiff in his Rule 26(a) Initial Disclosures.

**2.      Rule 26(a)(1)(A)(ii): A copy — or a description by category and location — of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

The following are non-privileged documents or categories of documents, (including ESI), in Defendants' possession, custody, or control that may be used to support their claims or defenses. Pursuant to Rule 26(a)(1)(B), the list may not include the relevant documents believed to be in Plaintiff's possession or the possession of third parties:

1.    Documents regarding the reduction in force which began to be implemented in late 2016.

2.    Plaintiff's personnel file.

3.    Documents describing Plaintiff's compensation and benefits.

4.    Documents describing Plaintiff's duties and responsibilities during his employment with First Data.

5.    First Data's employment policies relating to FMLA, paid time off, disability insurance benefits, equal employment opportunity, anti-discrimination, and reasonable accommodations.

6.    Plaintiff's medical information submitted to First Data.

7.    Communications and documents exchanged between Plaintiff and Defendants related to the allegations in Plaintiff's Complaint.

8.    Documents and communications related to Plaintiff's performance and leadership of the Training Group.

9.    Documents, including communications with Plaintiff, regarding his severance package.

10.   Documents related to the CEO Action for Diversity & Inclusion.

11.   Documents identified in disclosures of other parties or non-parties as provided in discovery, as well as any documents identified or produced in discovery by other parties.

12.   Defendants reserve the right to amend these disclosures during the course of discovery.

**3.     Rule 26(a)(1)(A)(iii): A computation of each category of damages claimed by the disclosing party — who must also make available for inspection and copying under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Not applicable at this time, subject to and without waiving Defendants' right to recover (i) their attorneys' fees and costs incurred in defending this meritless case and (ii) any rights to indemnification or contribution from any other party or non-party.

**4.** **Rule 26(a)(1)(A)(iv): For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Not applicable.

Respectfully submitted,

**SAUL EWING ARNSTEIN & LEHR LLP**

*/s/ Gary B. Eidelman*
Gary B. Eidelman *(admitted pro hac vice)*
500 E Pratt Street
Baltimore, Maryland 21202
T: (410) 332-8975
F: (410) 332-8976
Gary.Eidelman@saul.com

Gillian A. Cooper
650 College Road East, Suite 4000
Princeton, New Jersey 08540
T: (609) 452-5021
F: (609) 452-6103
Gillian.Cooper@saul.com

*Attorneys for Defendants*

## CERTIFICATION OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendants' Initial

Disclosures Pursuant to Fed. R. Civ. P. 26(a) was served on the following counsel via electronic

mail:

Stephen M. Zeitlin, Esq.
David A. Zeitlin, Esq.
Zeitlin & Zeitlin, P.C.
50 Court Street, Suite 506
Brooklyn, New York 11201
T: (718) 522-5644
david@zeitlinlawfirm.com
*Attorneys for Plaintiff*

Shawn E. Shearer
The Law Office of Shawn Shearer, P.C.
3839 McKinney Avenue, Suite 155-254
Dallas, Texas 75204
T: (214) 434-1594
shawn@shearerlaw.pro
*Attorneys for Plaintiff*

*/s/ Gary B. Eidelman*
Gary B. Eidelman

Dated: November 26, 2017

# EXHIBIT B

**SAUL EWING**

**ARNSTEIN**

**& LEHR** LLP

Gary B. Eidelman
Phone: (410) 332-8975
Fax: (410) 332-8976
Gary.Eidelman@saul.com
www.saul.com

May 16, 2018

**Via Hand Delivery**
Ms. Julie Kelly
823 Dorgene Lane
Cincinnati, OH 45244

Re:  *Steven B. Barger v. First Data Corporation et al.*
     *Civil Case No. 1:17-cv-4869*

Dear Ms. Kelly:

This firm represents Defendants First Data Corporation, Frank Bisignano, Dan Charron, Karen Whalen, Rhonda Johnson, and Anthony Marino in connection with the above-referenced matter which is pending in the United States District Court for the Eastern District of New York. Enclosed please find a subpoena compelling your attendance at a deposition in this case which is scheduled for **Monday, June 25, 2018 at 10:00 AM** at the offices of Cook & Logothetis, LLC, 30 Garfield Place, Suite 540, Cincinnati, Ohio 45202.

We understand that you are represented by Shawn Shearer, who is also Mr. Barger's counsel, in connection with your employment at First Data. We contacted Mr. Shearer about this subpoena and he advised that we should serve you personally. We also advised Mr. Shearer that if this date is inconvenient, we will work with you to find a better date. We will also provide you with the statutory witness and mileage fee at your deposition.

If you have any questions about the date, please inform Mr. Shearer and he can provide us with alternative dates when you are available. Thank you for your anticipated cooperation.

Very truly yours,

*Gary B. Eidel*

Gary B. Eidelman

500 E. Pratt Street ◆ Suite 900 ◆ Baltimore, MD 21202-3133
Phone: (410) 332-8600 ◆ Fax: (410) 332-8862

DELAWARE  FLORIDA  ILLINOIS  MARYLAND  MASSACHUSETTS  NEW JERSEY  NEW YORK  PENNSYLVANIA  WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

Shawn E. Shearer, Esq.
April 25, 2018
Page 2

Enclosures
cc:     Shawn Shearer, Esq.

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of New York

| | |
|---|---|
| Steven B. Barger | ) |
| _Plaintiff_ | ) |
| v. | )    Civil Action No.    1:17-cv-04869 |
| First Data Corporation, et al. | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:        Julie Kelly, 823 Dorgene Lane, Cincinnati, OH  45244

_(Name of person to whom this subpoena is directed)_

✔ _Testimony:_ **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Cook & Logothetis, LLC<br>30 Garfield Place - Suite 540<br>Cincinnati, OH  45202 | Date and Time:<br>06/25/2018 10:00 am |
|---|---|---|

| The deposition will be recorded by this method: | Stenographically and will continue day to day until complete |
|---|---|

_Production:_ You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     05/16/2018

| _CLERK OF COURT_ | | |
|---|---|---|
| | OR | |
| | | /s/ Gary B. Eidelman |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_    Defendants, _____, who issues or requests this subpoena, are:

Gary B. Eidelman, Esq., 500 E. Pratt St., Ste. 800, Baltimore, MD 21202; gary.eidelman@saul.com; 410-332-8975

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:17-cv-04869

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

    I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## RETURN OF SERVICE

### UNITED STATES DISTRICT COURT
### Eastern District of New York

Index Number: 1:17-CV-4869

Date Filed: _____

Plaintiff:
**STEVEN B. BARGER**

vs.

Defendant:
**FIRST DATA CORPORATION, a Delaware corporation; et al**

For:
Saul Ewing Arnsten & Lehr, LLP
Baltimore, MD 21202

Received by Priority Plus Legal Services, Inc on the 16th day of May, 2018 at 7:32 pm to be served on **Julie Kelly, 823 Dorgene Lane, Cincinnati, OH 45244.**

I, Dale Dorning, do hereby affirm that on the **23rd day of May, 2018** at **7:25 pm, I:**

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **NOTICE OF INTENTION TO TAKEORAL DEPOSITION BY SUBPOENA OFJULIE KELLY, SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION and Letter** with the date and hour of service endorsed thereon by me, to: **Julie Kelly** at the address of: **823 Dorgene Lane, Cincinnati, OH 45244**, and informed said person of the contents therein, in compliance with state statutes.

**Additional Information pertaining to this Service:**
5/17/2018  8:50 pm  Attempted Personal Service. No answer at residence. No activity noted.
5/19/2018  8:15 am  Attempted Personal Service. No answer at residence. No activity noted.
5/21/2018  1:00 pm  Attempted Personal Service. No answer at residence. No activity noted. A check of county property records indicate that Julie Kelly is listed as an owner of the property.

**Description** of Person Served: Age: 40, Sex: F, Race/Skin Color: White, Height: 5-05, Weight: 155, Hair: Blonde, Glasses: N

## RETURN OF SERVICE For 1:17-CV-4869

I certify that I am over the age of 18, have no interest in the above action, and am a Licensed Private Investigator, authorized to serve process in the judicial circuit in which the process was served.

Dale Dorning
Process Server

**Priority Plus Legal Services, Inc**
P.O. Box 540
Reisterstown, MD 21136
(443) 277-6180

Our Job Serial Number: PRE-2018007783
Ref: 1:17-cv-4869

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.2n

# EXHIBIT C

5/24/18

Mr. Gary B. Eidelman
500 E. Pratt Street Suite 900
Baltimore, MD 21202-3133

Dear Mr. Eidelman:

I am writing you in reference to a subpoena I received from you yesterday. I have a few questions because I am not a lawyer and do not completely understand what I am being asked to do, and why.

I just recently filed a complaint with the EEOC and the Ohio Civil Rights Commission related to my employment with First Data. The State of Ohio contacted me on just 2 days ago requesting further information to investigate my case. I didn't realize this was moving so rapidly and that First Data was going to deposed me so quickly.

I am currently unemployed and the full-time care taker of four children, 3 under the age of 5, my brother with learning disabilities and my elderly mother in law. I have commitments on June 25th that I am unable to change. If I had more advanced notice, I might be able to find some friends or save some money to pay for their care for one day, but it would take at least a few months for me to save that much money, especially during the summer. I can try to decide how to cut my budget and let you know when I think I may have enough money saved. No matter what, I am not available at all on June 25.

When I am disposed by you, do I need to bring my entire evidence file and complaint that I filed with the State of Ohio? I guess this all seems very sudden – the State of Ohio gave me the impression that my complaint was in the beginning stages. No one mentioned depositions. If we are able to fine a time when I can arrange for child care and care for my brother and mother in law and appear to talk about my case, can my representative from the State of Ohio come with me?

I'm also confused because I tried to contact FedEx to let them know that their employee, who served the subpoena to me, dropped and left what looked like an expensive pen, FedEx was really confused because they sometimes deliver envelopes that contain subpoenas, but they apparently do not serve subpoenas. I wasn't sure exactly what to do to give them the information they wanted, because there is no tracking number, or anything. Also, the documents were dated last week (5/16/18), nearly a week old – can I give a copy of this subpoena to Federal Express? I didn't know if that is acceptable, but they want more information because they were adamant that Federal Express does not serve subpoenas.

What should I do? Please let me know!

I'm sorry I can't come to talk about my complaint on June 25th, maybe I can have my representative from the State of Ohio call you to fine a time in July. It will take me at least that long, at least to save enough money. I look forward to your response.

Regards,

Julie Kelly

# EXHIBIT D

**SAUL EWING**
**ARNSTEIN**
**& LEHR** LLP

Gary B. Eidelman
Phone: (410) 332-8975
Fax: (410) 332-8976
Gary.Eidelman@saul.com
www.saul.com

May 25, 2018

**BY FEDERAL EXPRESS**

Julie Kelly
823 Dorgene Lane
Cincinnati, OH 45244

> Re: *Steven B. Barger v. First Data Corporation et al.,*
> **Civil Case No. 1:17-cv-4869**

Dear Ms. Kelly:

I am in receipt of your overnight letter dated May 24, 2018. The deposition subpoena that you were served with is in connection with the lawsuit filed by Steve Barger against First Data Corporation that is pending in New York. Please refer to the caption on page 1 of the subpoena. It is not related to your EEOC charge against First Data.

I understand that June 25, 2018 is not convenient for you. Please let me know which of the following dates work for your deposition: June 27, 28, July 3, 5, 6, 13, 16, 17, 19, 23, 24, 25, 26. So as not to burden you financially, First Data will pay the costs of childcare for you to attend the deposition.

If you have any other questions about your deposition, you should speak with your lawyer Shawn Shearer.

Very truly yours,

Gary B. Eidelman

cc: Shawn Shearer, Esq.

Centre Square West ◆ 1500 Market Street, 38th Floor ◆ Philadelphia, PA 19102-2186
Phone: (215) 972-7777 ◆ Fax: (215) 972-7725

DELAWARE FLORIDA ILLINOIS MARYLAND MASSACHUSETTS NEW JERSEY NEW YORK PENNSYLVANIA WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

# EXHIBIT E

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

STEVEN B. BARGER, an individual,       Civil Case No. EDNY: 1:17-cv-04869-FB-LB

       Plaintiff,

       Civil Case No.  1:18-mc-00010

v.

FIRST DATA CORPORATION, et al.,

       Defendants.

## DECLARATION OF GILLIAN A. COOPER, ESQ.

I, Gillian A. Cooper, an attorney at law, being of full age, hereby certifies as follows:

1.      I am a licensed attorney in the State of New Jersey and the State of New York.

2.      I am also admitted to practice in the District of New Jersey, Southern District of New York, Eastern District of New York, and the District of Connecticut.

3.      I am an associate of the law firm of Saul Ewing Arnstein & Lehr LLP, counsel for Defendants First Data Corporation, Frank Bisignano, Dan Charron, Anthony Marino, Karen Whalen, and Rhonda Johnson. As such, I am fully familiar with the facts stated herein, and make this declaration in support of Defendants' Motion to Compel Compliance with Rule 45 Subpoena to Julie Kelly.

4.      Attached hereto as Exhibit A is a true and correct copy of the Letter and Rule 45 Subpoena to Julie Kelly, as well as the Return of Service dated May 23, 2018.

5.      Attached hereto as Exhibit B is a true and correct copy of Julie Kelly's letter to Gary B. Eidelman dated May 24, 2018.

6.      Attached hereto as Exhibit C is a true and correct copy of Shawn E. Shearer's email to Gary B. Eidelman dated May 10, 2018.

7.      Attached hereto as <u>Exhibit D</u> is a true and correct copy of Gary B. Eidelman's letter to Julie Kelly dated May 25, 2018.

8.      Attached hereto as <u>Exhibit E</u> is a true and correct copy of Julie Kelly's letter to Gary B. Eidelman dated May 29, 2018.

9.      Attached hereto as <u>Exhibit F</u> is a true and correct copy of Julie Kelly's letter to Gary B. Eidelman dated June 25, 2018.

10.      Attached hereto as <u>Exhibit G</u> is a true and correct copy of my letter to Julie Kelly dated July 3, 2018.

11.      Attached hereto as <u>Exhibit H</u> is a true and correct copy of Julie Kelly's letter to Gary B. Eidelman dated June 27, 2018.

12.      Attached hereto as <u>Exhibit I</u> is a true and correct copy of the email chain dated July 10, 2018, through July 13, 2018.

13.      On June 21, 2018, I called Kelly to discuss her deposition and left her a voicemail. The voicemail greeting indicated that the voicemail belonged to Kelly. In the voicemail, I identified myself as counsel for Defendants, confirmed that Kelly was unavailable for her deposition on June 25, 2018, and requested Kelly return my call to discuss scheduling her deposition at a mutually agreeable date and time. Kelly did not return my telephone call.

14.      I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Gillian A. Cooper

Dated: July 23, 2018

# EXHIBIT F

6/25/18

Gary,

I never received a confirmed cancellation of my June 25th deposition for the Berger case so I felt obligated to show up. I was dismayed to find no one there at the 30 Garfield Place, Suite 540 address. This seems extremely unprofessional to me, and again disruptive to myself & family.

I have not heard back from you after my last letter and if we need to set a reschedule date, please use USPS to communicate next steps. As you know, I do not have any legal representation for this case.

Regards—

Julia Kelly

10:30am

# EXHIBIT G

**SAUL EWING**

**ARNSTEIN**

**& LEHR** LLP

Gillian A. Cooper
Phone: (609) 452-5021
Fax: (609) 452-6103
Gillian.Cooper@saul.com
www.saul.com

July 3, 2018

**Via UPS**
Julie Kelly
823 Dorgene Lane
Cincinnati, Ohio 45244

Re:     *Steven B. Barger v. First Data Corporation, et al.,*
         **Civil Case No. 1:17-cv-4869**

Dear Ms. Kelly:

I work with Gary Eidelman and represent Defendants in the above-referenced matter. On June 21, 2018, I called you at (513) 806-4893 to discuss scheduling your deposition and left you a voicemail. I have not yet heard back from you. Please call me at (609) 452-5021 to discuss scheduling your deposition.

Thank you for your time and attention to this matter.

Very truly yours,

Gillian A. Cooper

# EXHIBIT H

6/27/18

Mr. Gary B. Eidelman
500 E. Pratt Street Suite 900
Baltimore, MD 21202-3133

Dear Mr. Eidelman:

I have not heard a word from First Data's legal team, you, nor anyone within your law firm about my deposition. I took your subpoena very seriously and while I told you that date was not going to work for me, went out of my way to accommodate your legal request and attend. I came prepared to be unrepresented for this deposition. You failed to get back to me after the second letter to either reschedule another date and / or to confirm that the June 25th was cancelled. YOU and YOUR FIRM were clearly requesting my presence at a legal meeting and yet you failed to be responsible, respectful and professional in all regards. You stated that First Data would pay for childcare, which I assumed would be at the deposition, if that is incorrect, that is another reason you should have been more responsible with your communication with me. While I asked that you not continue to use FedEx, I assumed that you knew of alternative methods to reach me, it is 2018. Can we use email going forward?

For your information, I did record my trip downtown yesterday. I have photos and videos that were taken on an iPhone that clearly include the time, date and coordinates of my location. I also have the business card that the Cook & Logothetis, LLC employee provided me. I doubt he would forget us, either. Its probably not every day that you have 3 small children come into your law firm. I'm sure the security detail to the building could do the same, as it's a historic landmark in Cincinnati. Please let me know if I can provide these to you through a digital method.

On a related note, I find it interesting that some of my ex- First Data peers were NOT subpoenaed, but rather asked to do a casual phone conversation or meeting. Interesting that you first brought on this entire pursuit once I stepped up to disclose my situation with First Data through the State of Ohio. Why is this? Why do I continue to be harassed? Is this something the First Data legal team put you up to? How can we put a stop to this? I have NO representation for the Steven Barger v First Data case – at all. In fact, I know very few details on the case. I have my own distinct case that I work on with my council. This needs to be *completely* understood by you and your firm. Is that clear?

I look forward to hearing back from you as soon as possible. As you know, I have many responsibilities now that are not exclusive to you or your case.

Here are ways you can contact me *without* using FedEx:

- Return receipt email through Outlook with a copy in the USPS. Jul_kelly@mac.com
- Certified mail through USPS

Regards,

Julie Kelly

# EXHIBIT I

| | |
|---|---|
| **From:** | Julie Kelly <jul_glad@mac.com> |
| **Sent:** | Friday, July 13, 2018 4:47 PM |
| **To:** | Cooper, Gillian A. |
| **Cc:** | Eidelman, Gary B.; 'Julie Kelly' |
| **Subject:** | RE: Barger v. First Data |

Ms. Cooper & Mr. Eidelman,

Quite honestly, I have no idea who either of you are, other than lawyers for
First Data defendants in a federal law suit. I don't understand why I'm
being asked to provide other dates for a deposition when I showed up to the
original (not cancelled) one.

Please advise,

JK

-----Original Message-----
From: Cooper, Gillian A. <Gillian.Cooper@saul.com>
Sent: Wednesday, July 11, 2018 6:13 PM
To: 'Julie Kelly' <jul_kelly@mac.com>
Cc: Eidelman, Gary B. <Gary.Eidelman@saul.com>
Subject: RE: Barger v. First Data

Ms. Kelly:

We are not your lawyers. Please provide us with dates that you are available
for a deposition. If we cannot agree to a date, we will be forced to move
before the United States District Court for the Southern District of Ohio to
compel your deposition.

Gillian A. Cooper
SAUL EWING ARNSTEIN & LEHR LLP
650 College Road East, Suite 4000 | Princeton, NJ 08540-6603
Tel: 609.452.5021 | Fax: 609.452.6103
Gillian.Cooper@saul.com | https://protect-us.mimecast.com/s/OBaQClYvXZSPPxjvTG7KeB?domain=saul.com


-----Original Message-----
From: Julie Kelly [mailto:jul_glad@mac.com]
Sent: Wednesday, July 11, 2018 3:41 PM
To: Eidelman, Gary B.
Cc: 'Julie Kelly'; Cooper, Gillian A.
Subject: RE: Barger v. First Data

Mr. Eidelman,

You gave me that idea as you are the lawyer for First Data's defendants.

Julie Kelly


-----Original Message-----
From: Eidelman, Gary B. <Gary.Eidelman@saul.com>
Sent: Wednesday, July 11, 2018 1:40 PM
To: Julie Kelly <jul_glad@mac.com>
Cc: Julie Kelly <jul_kelly@mac.com>; Cooper, Gillian A.
<Gillian.Cooper@saul.com>
Subject: Re: Barger v. First Data

No I am not and never have been.  Wherever did you get that idea?

Gary B. Eidelman
Sent from my iPhone

On Jul 11, 2018, at 1:08 PM, Julie Kelly
<jul_glad@mac.com<mailto:jul_glad@mac.com>> wrote:

My apologies, I just saw the auto spell check mistake.

Mr. Eidleman,

Are you my lawyer?

Julie Kelly


From: Julie Kelly <jul_kelly@mac.com<mailto:jul_kelly@mac.com>>
Sent: Wednesday, July 11, 2018 11:51 AM
To: Eidelman, Gary B.
<Gary.Eidelman@saul.com<mailto:Gary.Eidelman@saul.com>>
Cc: Julie Kelly <jul_glad@mac.com<mailto:jul_glad@mac.com>>; Cooper, Gillian
A. <Gillian.Cooper@saul.com<mailto:Gillian.Cooper@saul.com>>
Subject: Re: Barger v. First Data

Me. Eidelman,

Are you my lawyer?
Julie Kelly



On Jul 11, 2018, at 10:05 AM, Eidelman, Gary B.
<Gary.Eidelman@saul.com<mailto:Gary.Eidelman@saul.com>> wrote:
No, she is my associate. Per your letter, we are contacting you by email.

Gary B. Eidelman
Sent from my iPhone

On Jul 11, 2018, at 10:04 AM, Julie Kelly

2

<jul_glad@mac.com<mailto:jul_glad@mac.com><mailto:jul_glad@mac.com>> wrote:

Ms. Cooper,

Are you my lawyer?

Julie Kelly

From: Cooper, Gillian A.
<Gillian.Cooper@saul.com<mailto:Gillian.Cooper@saul.com><mailto:Gillian.Coop
er@saul.com>>
Sent: Tuesday, July 10, 2018 5:11 PM
To: 'jul_kelly@mac.com<mailto:jul_kelly@mac.com><mailto:jul_kelly@mac.com>'
<jul_kelly@mac.com<mailto:jul_kelly@mac.com><mailto:jul_kelly@mac.com>>
Cc: Eidelman, Gary B.
<Gary.Eidelman@saul.com<mailto:Gary.Eidelman@saul.com><mailto:Gary.Eidelman@
https://protect-us.mimecast.com/s/BFQHCmZ281FPPz9rTOLuCd?domain=saul.com>>
Subject: Barger v. First Data

Dear Ms. Kelly:

We are in receipt of your letter dated June 27, 2018. You should have
received a letter from me last week. (The letters must have crossed paths in
the mail). You provided your email address in the letter, so hopefully this
will be most efficient to connect.

I'm hoping I can clear a few things up. You may or may not be aware, but
there are restrictions that prevent attorneys from communicating with
individuals who are known to be represented by counsel. After we received
the charge you filed with the OCRC (even though it is entirely unrelated to
the Barger-lawsuit) and learned that you are represented by counsel in that
case, we were required to follow those rules that prevent us from
communicating with someone who is represented by an attorney. Since serving
the deposition subpoena, however, you have indicated that you are not
represented by counsel and willing to speak to us about the Barger-lawsuit.

Can we set up a time to have a call this week? Hopefully by arranging a call
we can avoid a deposition altogether.

Let me know what works best for you and we can get this set up.

Gillian A. Cooper

SAUL EWING ARNSTEIN & LEHR LLP
650 College Road East, Suite 4000 | Princeton, NJ 08540-6603

Tel: 609.452.5021 | Fax: 609.452.6103

Gillian.Cooper@saul.com<mailto:Gillian.Cooper@saul.com><mailto:Gillian.Coope
r@saul.com> |

https://protect-us.mimecast.com/s/BlVsCn5Y72U33vkYTN3rIu?domain=saul.com<https://protect-us.mimecast.com/s/BlVsCn5Y72U33vkYTN3rIu?domain=saul.com><https://protect-us.mimecast.com/s/cxvMCo2v83sPPEQ0T65bzv?domain=saul.com<https://protect-us.mimecast.com/s/x9ePCpYRB4SOOm7BhJAAYB?domain=sau
https://protect-us.mimecast.com/s/rSGdCqxV6gskkZVoTr4Lp8?domain=l.com>
>




"Saul Ewing Arnstein & Lehr LLP
(https://protect-us.mimecast.com/s/BFQHCmZ281FPPz9rTOLuCd?domain=saul.com<https://protect-us.mimecast.com/s/BFQHCmZ281FPPz9rTOLuCd?domain=saul.com><https://protect-us.mimecast.com/s/BFQHCmZ281FPPz9rTOLuCd?domain=saul.com<https://protect-us.mimecast.com/s/BFQHCmZ281FPPz9rTOLuCd?domain=saul.com>>)" has
made the following annotations:
+~~~~~~~~~~~~~~~~~~~~~~~+
This e-mail may contain privileged, confidential, copyrighted, or other
legally protected information. If you are not the intended recipient (even
if the e-mail address is yours), you may not use, copy, or retransmit it. If
you have received this by mistake please notify us by return e-mail, then
delete.
+~~~~~~~~~~~~~~~~~~~~~~~+**EXTERNAL EMAIL** - This message originates from outside our Firm. Please consider
carefully before responding or clicking links/attachments.

# EXHIBIT J

# U.S. District Court
# Eastern District of New York (Brooklyn)
# CIVIL DOCKET FOR CASE #: 1:17-cv-04869-FB-LB

Barger v. First Data Corporation et al

Assigned to: Judge Frederic Block

Referred to: Magistrate Judge Lois Bloom

Cause: 28:1331 Fed. Question

Date Filed: 08/18/2017

Jury Demand: Plaintiff

Nature of Suit: 751 Labor: Family and
Medical Leave Act

Jurisdiction: Federal Question

**Plaintiff**

**Steven B. Barger**

represented by **David A Zeitlin**
Zeitlin & Zeitlin, P.C.
50 Court Street, Suite 506
Brooklyn, NY 11201
718-596-6815
Fax: 718-522-5644
Email: davidzeitlin@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shawn Shearer**
The Law Office of Shawn Shearer, P.C.
3839 Mckinney Avenue
#155-254
Dallas, TX 75204
214-434-1594
Fax: 214-434-1594
Email: shawn@shearerlaw.pro
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**First Data Corporation**

represented by **Gary B. Eidelman**
Saul Ewing LLP
500 E Pratt Street
Baltimore, MD 21202
(410)332-8975
Fax: (410)332-8976
Email: gary.eidelman@saul.com
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Gillian Ashley Cooper**
Saul Ewing LLP
650 College Road East
Suite 4000
Princeton, NJ 08540
609-452-5021
Fax: 609-452-3103
Email: gcooper@saul.com
*ATTORNEY TO BE NOTICED*

**Lindsey Conrad Kennedy**
Saul Ewing Arnstein & Lehr LLP
One PPG Place, Suite 3010
Pittsburgh, PA 15222
412-209-2555
Fax: 412-209-2571
Email: lindsey.kennedy@saul.com
*TERMINATED: 09/28/2018*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Frank Bisignano**      represented by   **Gary B. Eidelman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gillian Ashley Cooper**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lindsey Conrad Kennedy**
(See above for address)
*TERMINATED: 09/28/2018*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dan Charron**      represented by   **Gary B. Eidelman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gillian Ashley Cooper**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lindsey Conrad Kennedy**
(See above for address)
*TERMINATED: 09/28/2018*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Anthony Marino**                  represented by  **Gary B. Eidelman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gillian Ashley Cooper**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lindsey Conrad Kennedy**
(See above for address)
*TERMINATED: 09/28/2018*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Karen Whalen**                    represented by  **Gary B. Eidelman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gillian Ashley Cooper**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lindsey Conrad Kennedy**
(See above for address)
*TERMINATED: 09/28/2018*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Lori Graesser**
*TERMINATED: 01/30/2018*         represented by  **Gary B. Eidelman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gillian Ashley Cooper**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Rhonda Johnson**       represented by **Gary B. Eidelman**
                   (See above for address)
                   *PRO HAC VICE*
                   *ATTORNEY TO BE NOTICED*

                   **Gillian Ashley Cooper**
                   (See above for address)
                   *ATTORNEY TO BE NOTICED*

                   **Lindsey Conrad Kennedy**
                   (See above for address)
                   *TERMINATED: 09/28/2018*
                   *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/18/2017 | 1 | COMPLAINT against All Defendants Was the Disclosure Statement on Civil Cover Sheet completed -yes,, filed by Steven B. Barger. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibits) (Bowens, Priscilla) (Entered: 08/21/2017) |
| 08/18/2017 | | FILING FEE: $ 400, receipt number 4653118511 (Bowens, Priscilla) (Entered: 08/21/2017) |
| 08/18/2017 | 2 | Summons Issued as to All Defendants. (Bowens, Priscilla) (Entered: 08/21/2017) |
| 08/21/2017 | 3 | In accordance with Rule 73 of the Federal Rules of Civil Procedure and Local Rule 73.1, the parties are notified that *if* all parties consent a United States magistrate judge of this court is available to conduct all proceedings in this civil action including a (jury or nonjury) trial and to order the entry of a final judgment. Attached to the Notice is a blank copy of the consent form that should be filled out, signed and filed electronically **only if all** parties wish to consent. The form may also be accessed at the following link: http://www.uscourts.gov/uscourts/FormsAndFees/Forms/AO085.pdf. **You may withhold your consent without adverse substantive consequences**. Do NOT return or file the consent unless all parties have signed the consent. (Bowens, Priscilla) (Entered: 08/21/2017) |
| 08/25/2017 | 4 | MOTION for Leave to Appear Pro Hac Vice *of Shawn Eric Shearer* Filing fee $ 150, receipt number 0207-9783113. by Steven B. Barger. (Attachments: # 1 Affidavit In Support of Pro Hac Vice, # 2 Exhibit AZ State Good Standing, # 3 Exhibit TX State Good Standing, # 4 Exhibit AZ Federal Good Standing, # 5 Exhibit NDTX Federal Good Standing) (Shearer, Shawn) (Entered: 08/25/2017) |
| 08/28/2017 | 5 | ORDER, granting 4 Notice of Motion to Admit Counsel *Pro Hac Vice*. The admitted attorney **Shawn E. Shearer**, as attorney *pro hac vice* is permitted to argue or try this case in whole or in part as counsel for Plaintiff **Steven B. Barger**. **SO ORDERED** by Magistrate Judge Lois Bloom, on 8/27/2017. (Latka-Mucha, Wieslawa) (Entered: 08/29/2017) |

| 08/31/2017 | 6 | NOTICE of Appearance by Gillian Ashley Cooper on behalf of Frank Bisignano, Dan Charron, First Data Corporation, Lori Graesser, Rhonda Johnson, Anthony Marino, Karen Whalen (aty to be noticed) (Cooper, Gillian) (Entered: 08/31/2017) |
|---|---|---|
| 08/31/2017 | 7 | MOTION for Leave to Appear Pro Hac Vice *for Gary B. Eidelman, Esq.* Filing fee $ 150, receipt number 0207-9796907. by Frank Bisignano, Dan Charron, First Data Corporation, Lori Graesser, Rhonda Johnson, Anthony Marino, Karen Whalen. (Attachments: # 1 Affidavit of Gillian A. Cooper, Esq., # 2 Affidavit of Gary B. Eidelman, Esq., # 3 Proposed Order, # 4 Certificate of Service) (Cooper, Gillian) (Entered: 08/31/2017) |
| 09/06/2017 | 8 | MOTION for pre motion conference *to Dismiss* by Frank Bisignano, Dan Charron, First Data Corporation, Lori Graesser, Rhonda Johnson, Anthony Marino, Karen Whalen. (Attachments: # 1 Exhibit A) (Cooper, Gillian) (Entered: 09/06/2017) |
| 09/11/2017 | 9 | MOTION to Withdraw 7 MOTION for Leave to Appear Pro Hac Vice *for Gary B. Eidelman, Esq.* Filing fee $ 150, receipt number 0207-9796907. by Frank Bisignano, Dan Charron, First Data Corporation, Lori Graesser, Rhonda Johnson, Anthony Marino, Karen Whalen. (Cooper, Gillian) (Entered: 09/11/2017) |
| 09/11/2017 | 10 | MOTION for Leave to Appear Pro Hac Vice *for Gary B. Eidelman, Esq.* Filing fee $ 150, receipt number 0207-9818811. by Frank Bisignano, Dan Charron, First Data Corporation, Lori Graesser, Rhonda Johnson, Anthony Marino, Karen Whalen. (Attachments: # 1 Affidavit of Gary B. Eidelman, Esq., # 2 Exhibit A, # 3 Exhibit B, # 4 Certificate of Service) (Eidelman, Gary) (Entered: 09/11/2017) |
| 09/11/2017 | 11 | ENDORSED ORDER, granting Gary B. Eidelman, Esq.'s 7 Notice of Withdrawal of 9 Motion for Admission *Pro Hac Vice*, electronically filed on August 31, 2017. **SO ORDERED** by Magistrate Judge Lois Bloom, on 9/11/2017. (Latka-Mucha, Wieslawa) (Entered: 09/12/2017) |
| 09/11/2017 | 12 | ORDER, granting 10 Notice of Motion to Admit Counsel *Pro Hac Vice*. The admitted attorney **Gary B. Eidelman**, as attorney *pro hac vice* is permitted to argue or try this case in whole or in part as counsel for Defendants **First Data Corporation, Frank Bisignano, Dan Charron, Anthony Marino, Karen Whalen, Lori Graesser, and Rhonda Johnson**. **SO ORDERED** by Magistrate Judge Lois Bloom, on 9/11/2017. *(The attorney shall file a notice of appearance and ensure that s/he receives electronic notification of activity in this case.)* (Latka-Mucha, Wieslawa) (Entered: 09/12/2017) |
| 09/12/2017 | 13 | NOTICE of Appearance by Gary B. Eidelman on behalf of Frank Bisignano, Dan Charron, First Data Corporation, Lori Graesser, Rhonda Johnson, Anthony Marino, Karen Whalen (notification declined or already on case) (Eidelman, Gary) (Entered: 09/12/2017) |
| 09/12/2017 | 14 | RESPONSE to Motion re 8 MOTION for pre motion conference *to Dismiss* filed by Steven B. Barger. (Shearer, Shawn) (Entered: 09/12/2017) |
| 09/20/2017 | 15 | ELECTRONIC ORDER: Defendant's letter application 8 dated 9/6/17 is GRANTED. A pre motion conference is scheduled for October 4, 2017 @ 11AM. There will be no formal notice mailed to counsel. Upon receipt of this email counsel shall confirm with each other the date and time of this conference. If this date presents a conflict counsel |

| | | |
|---|---|---|
| | | shall first obtain the consent from all the parties to adjourn this conference and then file a letter application. Ordered by Judge Frederic Block on 9/20/2017. (Innelli, Michael) (Entered: 09/20/2017) |
| 09/26/2017 | | SCHEDULING ORDER: The pre-motion conference scheduled for October 4, 2017 is being adjourned by the Court to October 12, 2017 @ 11AM due to a conflict with the Court's calendar. There will not be a formal notice mailed to counsel. Upon receipt of this email counsel shall confirm with each other the new date and time of this conference. Ordered by Judge Frederic Block on 9/26/2017. (Innelli, Michael) (Entered: 09/26/2017) |
| 09/27/2017 | 16 | Letter *to the Honorable Judge Frederic Block, U.S.D.J. dated 09/27/2017* by Frank Bisignano, Dan Charron, First Data Corporation, Lori Graesser, Rhonda Johnson, Anthony Marino, Karen Whalen (Cooper, Gillian) (Entered: 09/27/2017) |
| 09/27/2017 | | SCHEDULING ORDER: Defendant's letter application 16 dated 9/27/17, with the consent of plaintiff's counsel is GRANTED. The pre-motion conference scheduled for October 12, 2017 is adjourned to October 20, 2017 at 11:00 A.M. There will be no formal notice mailed to counsel. Upon receipt of this email counsel shall confirm with each other the new date and time of this conference. Ordered by Judge Frederic Block on 9/27/2017. (Innelli, Michael) (Entered: 09/27/2017) |
| 10/20/2017 | | Minute Entry for proceedings held before Judge Frederic Block: Shawn Shearer, Esq. & David Zeitlin, Esq for the plaintiff and Gillian Cooper, Esq. & Gary Eidelman, Esq. for the defendants, all present. Pre-motion conference held on 10/20/2017. Defendants anticipated motion to dismiss or transfer to the SDNY were discussed. If the defendant pursue thei rmotion then by October 27, 2017 counsel shall ECF file a letter with their agreed upon briefing schedule. Counsel shall serve and ECF file their fully briefed motion according to J. Blocks motion rules.(Court Reporter: Not Reported) (Innelli, Michael) (Entered: 10/20/2017) |
| 10/27/2017 | 17 | Letter *to the Honorable Frederic Block, U.S.D.J. dated 10-27-2017* by Frank Bisignano, Dan Charron, First Data Corporation, Lori Graesser, Rhonda Johnson, Anthony Marino, Karen Whalen (Eidelman, Gary) (Entered: 10/27/2017) |
| 10/30/2017 | | SCHEDULING ORDER: The Court shall hold an initial conference on November 28, 2017 at 10:30 a.m. in Courtroom 11A South of the United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York. The parties shall exchange their Rule 26(a)(1) initial disclosures and file their Rule 26(f) Meeting Report with the Court by Noon on November 27, 2017. Parties are advised that they must contact each other before making any request for an adjournment to the Court. A request for an adjournment must be received in writing at least forty-eight (48) hours before the scheduled conference. Ordered by Magistrate Judge Lois Bloom on 10/30/2017. (Doody, Sara) (Entered: 10/30/2017) |
| 11/20/2017 | 18 | Corporate Disclosure Statement by First Data Corporation (Eidelman, Gary) (Entered: 11/20/2017) |
| 11/20/2017 | 19 | ANSWER to 1 Complaint by Frank Bisignano, Dan Charron, First Data Corporation, Lori Graesser, Rhonda Johnson, Anthony Marino, Karen Whalen. (Eidelman, Gary) (Entered: 11/20/2017) |

| 11/22/2017 | 20 | REPORT of Rule 26(f) Planning Meeting (Eidelman, Gary) (Entered: 11/22/2017) |
|---|---|---|
| 11/28/2017 | | Minute Entry for proceedings held before Magistrate Judge Lois Bloom: Initial Conference held on 11/28/2017. (FTR Log #10:46-11:34.) (Smith, Roberta) (Entered: 11/28/2017) |
| 11/29/2017 | 21 | MOTION for Protective Order *Regarding Confidentiality of Discovery Material* by Frank Bisignano, Dan Charron, First Data Corporation, Lori Graesser, Rhonda Johnson, Anthony Marino, Karen Whalen. (Eidelman, Gary) (Entered: 11/29/2017) |
| 11/29/2017 | 22 | MOTION for Discovery *Protocol Regarding Discovery of Electronically Stored Information* by Frank Bisignano, Dan Charron, First Data Corporation, Lori Graesser, Rhonda Johnson, Anthony Marino, Karen Whalen. (Eidelman, Gary) (Entered: 11/29/2017) |
| 11/29/2017 | | SCHEDULING ORDER: The Court shall hold a telephone conference in this matter on November 30, 2017 at 2:00 p.m. After establishing contact with plaintiff's counsel, defendants' counsel shall telephone the Court at 718-613-2170. Ordered by Magistrate Judge Lois Bloom on 11/29/2017. (Smith, Roberta) (Entered: 11/29/2017) |
| 11/30/2017 | | Minute Entry for proceedings held before Magistrate Judge Lois Bloom: Telephone Conference held on 11/30/2017. (FTR Log #2:03-2:15.) (Smith, Roberta) (Entered: 11/30/2017) |
| 11/30/2017 | | SCHEDULING ORDER: The Court held the initial conference in this matter on November 28, 2017 and a follow-up telephone conference on November 30, 2017. The Court shall hold a settlement conference on January 18, 2018 at 11:00 a.m. in Courtroom 11A South. Plaintiff is directed to attend the conference with his counsel. Defendants' counsel shall have someone with full settlement authority preferably in court, but if that is not possible, available by telephone throughout the conference. Settlement conferences are most productive if the parties have made good faith efforts to settle the case prior to the conference. Accordingly, the parties shall engage in at least two substantive discussions regarding settlement before the settlement conference. The parties shall fax their confidential settlement statements setting forth the legal and factual basis for their settlement positions and their most recent best faith demands and offers to the Court at 718-613-2175 by January 11, 2018. Plaintiff is directed to resolve his pending EEOC charges by December 29, 2017 and to execute any releases that will be needed by December 29, 2017. Discovery is otherwise stayed until the January 18 settlement conference. Ordered by Magistrate Judge Lois Bloom on 11/30/2017. (Smith, Roberta) (Entered: 11/30/2017) |
| 11/30/2017 | 23 | STIPULATION AND ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIAL, granting 21 Motion for Protective Order. **Pursuant to the stipulation of the parties, it is SO ORDERED** by Magistrate Judge Lois Bloom, on 11/30/2017. (Latka-Mucha, Wieslawa) (Entered: 12/01/2017) |
| 11/30/2017 | 24 | STIPULATION AND ORDER / AGREED PROTOCOL REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION, granting 22 Motion for Discovery. **Pursuant to the agreement of the parties, it is SO ORDERED** by Magistrate Judge Lois Bloom, on 11/30/2017. (Latka-Mucha, Wieslawa) (Entered: 12/01/2017) |

| 12/08/2017 | 25 | Letter *to the Honorable Judge Frederic Block, U.S.D.J. dated December 8, 2017* by Steven B. Barger (Shearer, Shawn) (Entered: 12/08/2017) |
|---|---|---|
| 12/14/2017 | 26 | Letter *in Response to Pre-Motion Conference request re: Docket No. 25* by Frank Bisignano, Dan Charron, First Data Corporation, Anthony Marino (Eidelman, Gary) (Entered: 12/14/2017) |
| 12/28/2017 | 27 | SCHEDULING ORDER: Plaintiff's letter application 25 dated 12/8/17 is GRANTED. A pre motion conference is scheduled on January 26, 2018 @ 11AM. There will be no formal notice mailed to counsel. Upon receipt of this email counsel shall confirm with each other the date and time of this conference. If this date presents a conflict counsel shall first obtain the consent from all the parties to adjourn this conference and then file a letter application. Ordered by Judge Frederic Block on 12/28/17. (Innelli, Michael) (Entered: 12/28/2017) |
| 01/18/2018 | | Minute Entry for proceedings held before Magistrate Judge Lois Bloom: Settlement Conference held on 1/18/2018. (FTR Log #10:56-11:09; 3:33-3:49.) (Smith, Roberta) (Entered: 01/18/2018) |
| 01/18/2018 | | SCHEDULING ORDER: The Court held a settlement conference in this matter on January 18, 2018. The parties were unable to reach a settlement. Accordingly, the Court set the following schedule. As discussed on the record, any amended pleading shall be filed by February 12, 2018. Fed. R. Civ. P. 16(b)(3)(A). The parties shall complete all fact discovery by August 31, 2018. Expert discovery shall be completed by September 28, 2018. Upon the completion of discovery, any party who intends to file a motion for summary judgment shall write to Judge Block by October 12, 2018 to request a pre-motion conference in accordance with his individual rules. The Court shall hold a telephone conference in this matter on February 14, 2018 at 9:30 a.m. After establishing contact with plaintiff's counsel, defendants' counsel shall telephone the Court at 718-613-2170. The parties are strongly encouraged to continue discussing settlement. Ordered by Magistrate Judge Lois Bloom on 1/18/2018. (Smith, Roberta) (Entered: 01/18/2018) |
| 01/26/2018 | | Minute Entry for proceedings held before Judge Frederic Block: Shawn Shearer, Esq. & David Zeitlin, Esq. for the plaintiff and Gary Eidelman, Esq. & Gillian Cooper, Esq. for the defendants, all present. Pre-motion conference held on 1/26/2018. Plaintiffs anticipated motion for summary judgment was discussed. The parties have the option of either completing discovery and then renewing any applications to make a motion or by February 2, 2018 counsel shall ECF file a letter with their agreed upon briefing schedule. Counsel shall serve and ECF file their fully briefed motion according to J. Blocks motion rules.(Court Reporter: Not Reported) (Innelli, Michael) (Entered: 01/26/2018) |
| 01/30/2018 | 28 | STIPULATION of Dismissal *of Defendant Lori Graesser* by Steven B. Barger (Shearer, Shawn) (Entered: 01/30/2018) |
| 01/30/2018 | | ELECTRONIC Order Dismissing: Defendant Lori Graesser, only. See entry 28 . Ordered by Judge Frederic Block on 1/30/2018. (Innelli, Michael) (Entered: 01/30/2018) |
| 02/02/2018 | 29 | Letter *to the Honorable Judge Frederic Block, U.S.D.J. dated February 2, 2018 re: Rule 12(c) Motion Briefing Schedule* by Steven B. Barger (Shearer, Shawn) (Entered: |

| | | |
|---|---|---|
| | | 02/02/2018) |
| 02/06/2018 | 30 | Letter *Revised Rule 12(c) Motion Briefing Schedule* by Steven B. Barger (Shearer, Shawn) (Entered: 02/06/2018) |
| 02/07/2018 | | SCHEDULING ORDER: Plaintiff's letter 30 dated 2/6/18 over the objection of the defendant is GRANTED. By February 27, 2018 the parties shall serve and file their fully briefed motion to dismiss. Counsel shall serve and ECF file their fully briefed motion according to J. Blocks motion rules. Ordered by Judge Frederic Block on 2/7/2018. (Innelli, Michael) (Entered: 02/07/2018) |
| 02/12/2018 | 31 | MOTION for Leave to File *First Supplemental Complaint* by Steven B. Barger. (Shearer, Shawn) (Entered: 02/12/2018) |
| 02/12/2018 | 36 | Letter dtd. February 6, 2018 from counsel for pltff, Shawn E. Shearer to Gary and Gillian, counsels for deft, now enclosing a revised motion in compliance with Local Rule 11.1. (w/o encl.). (Layne, Monique) (Entered: 02/15/2018) |
| 02/13/2018 | 32 | Letter *to the Honorable Lois Bloom, U.S.M.J. dated 02/13/2018* by Frank Bisignano, Dan Charron, First Data Corporation, Lori Graesser, Rhonda Johnson, Anthony Marino, Karen Whalen (Attachments: # 1 Exhibit 1) (Eidelman, Gary) (Entered: 02/13/2018) |
| 02/13/2018 | 33 | Letter *Status Conference and Motion for Leave to File Supplemental Complaint* by Steven B. Barger (Shearer, Shawn) (Entered: 02/13/2018) |
| 02/14/2018 | 34 | Supplemental COMPLAINT , filed by Steven B. Barger. (Shearer, Shawn) (Entered: 02/14/2018) |
| 02/14/2018 | 35 | Supplemental COMPLAINT *Exhibit A -Right to Sue Letter*, filed by Steven B. Barger. (Attachments: # 1 Exhibit Right to Sue Letter) (Shearer, Shawn) (Entered: 02/14/2018) |
| 02/14/2018 | | Minute Entry for proceedings held before Magistrate Judge Lois Bloom: Telephone Conference held on 2/14/2018. (FTR Log #9:31-9:50.) (Smith, Roberta) (Entered: 02/14/2018) |
| 02/14/2018 | | ORDER: The Court held a telephone conference in this matter on February 14, 2018. As discussed on the record, plaintiff's motion for leave to file a Supplemental Complaint (ECF No. 31) is granted and plaintiff shall file his "Supplemental Complaint" today. Defendants shall respond to the Supplemental Complaint by March 7, 2018. All other deadlines remain in place and the parties shall file their fully briefed motion by February 27, 2018, in accordance with Judge Block's motion rules, as previously scheduled. Ordered by Magistrate Judge Lois Bloom on 2/14/2018. (Smith, Roberta) (Entered: 02/14/2018) |
| 02/27/2018 | 37 | Fully Briefed MOTION for Judgment on the Pleadings by Steven B. Barger. (Attachments: # 1 Memorandum in Opposition w/ Exhibits, # 2 Memorandum in Support w/ Exhibits) (Shearer, Shawn) (Entered: 02/27/2018) |
| 03/06/2018 | 38 | MOTION for Protective Order by Frank Bisignano, Dan Charron, First Data Corporation, Rhonda Johnson, Anthony Marino, Karen Whalen. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Proposed Order Proposed Order) (Eidelman, Gary) (Entered: 03/06/2018) |

| 03/06/2018 | 39 | REPLY in Opposition re 38 MOTION for Protective Order *Opposition* filed by Steven B. Barger. (Shearer, Shawn) (Entered: 03/06/2018) |
| 03/07/2018 | | ORDER granting 38 Motion for Protective Order: The Court has considered plaintiff and defendants' letters dated March 6, 2018 (ECF Nos. 38, 39). Defendants' motion for a protective order is granted. Plaintiff shall not serve a subpoena on the daycare center used by First Data employee Jennifer Voycheske to care for her child. Plaintiff may depose Ms. Voycheske, a Manager of Human Resources Operations for First Data, on March 14, 2018 and inquire about the information he seeks. However, this subpoena is over the line and an inappropriate use of Fed. R. Civ. P. 45. The Court does not condone such an unnecessary and invasive tactic. Ordered by Magistrate Judge Lois Bloom on 3/7/2018. (Smith, Roberta) (Entered: 03/07/2018) |
| 03/07/2018 | 40 | ANSWER to 34 Supplemental Complaint by First Data Corporation. (Eidelman, Gary) (Entered: 03/07/2018) |
| 03/07/2018 | 41 | MOTION for Discovery *Motion for Clarification of Protective Order* by Steven B. Barger. (Shearer, Shawn) (Entered: 03/07/2018) |
| 03/12/2018 | | ORDER: As there is no basis for plaintiff's motion under Fed. R. Civ. P. 60, plaintiff's motion (ECF No. 41) is denied. See Meilleur v. Strong, 682 F.3d 56, 64 (2d Cir. 2012) (reviewing denial of 60(b) motion for abuse of discretion and identifying none); Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) ("standard for granting such a motion is strict, and reconsideration will generally be denied"). Ordered by Magistrate Judge Lois Bloom on 3/12/2018. (Smith, Roberta) (Entered: 03/12/2018) |
| 04/27/2018 | 42 | NOTICE of Appearance by Lindsey Conrad Kennedy on behalf of Frank Bisignano, Dan Charron, First Data Corporation, Rhonda Johnson, Anthony Marino, Karen Whalen (aty to be noticed) (Kennedy, Lindsey) (Entered: 04/27/2018) |
| 05/10/2018 | 43 | MOTION for Protective Order by First Data Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6) (Eidelman, Gary) (Entered: 05/10/2018) |
| 05/11/2018 | 44 | RESPONSE to Motion re 43 MOTION for Protective Order filed by Steven B. Barger. (Attachments: # 1 Exhibit 05/10/18 Letter to Defense Counsel, # 2 Exhibit Discovery e-mails & Out of Office Notices) (Shearer, Shawn) (Entered: 05/11/2018) |
| 05/11/2018 | | ORDER: By letter dated May 10, 2018 (ECF No. 43), Defendant First Data seeks a protective order regarding topics designated in plaintiff's Revised 30(b)(6) Notice. Defendant also requests oral argument. Plaintiff has filed his response. (ECF No. 44.) This is the second time the parties have been unable to resolve a discovery dispute and defendant has had to seek a protective order. The parties are hereby directed to meet and confer to attempt to resolve this and any other issue themselves. The Court does not want to be put into the position of repeating itself that a party is being unreasonable. Be that as it may, the Court shall hold a telephone conference on May 18, 2018 at 10:30 a.m. to address this matter. After establishing contact with plaintiff's counsel, defendant's counsel shall telephone the Court at (718) 613-2170. Parties are advised that they must contact each other before making any request for an adjournment to the Court. A request for an adjournment must be received in writing at least forty-eight (48) hours before the scheduled conference. If the parties notify the Court by May 15 that they have resolved |

| | | |
|---|---|---|
| | | this matter, the Court shall cancel the May 18 telephone conference. The parties are reminded that, pursuant to my individual rules, if a party's submission exceeds 25 pages, courtesy copies shall be delivered to chambers within 24-hours of electronic filing. Ordered by Magistrate Judge Lois Bloom on 5/11/2018. (Smith, Roberta) (Entered: 05/11/2018) |
| 05/14/2018 | 45 | MOTION to Adjourn Conference *Hearing Scheduled for May 18, 2018* by Steven B. Barger. (Shearer, Shawn) (Entered: 05/14/2018) |
| 05/14/2018 | | ORDER: By letter dated May 14, 2018 (ECF No. 45), plaintiff's counsel writes seeking to cancel the May 18, 2018 telephone conference because the Notice of 30(b)(6) Deposition of First Data scheduled for June 13, 2018 has been withdrawn. This request is granted. The Court cancels the May 18, 2018 telephone conference and Defendant First Data's motion for a protective order (ECF No. 43) is denied as moot. Ordered by Magistrate Judge Lois Bloom on 5/14/2018. (Smith, Roberta) (Entered: 05/14/2018) |
| 06/11/2018 | 46 | MOTION to Compel *30(b)(6) Designation and Depositions* by Steven B. Barger. (Attachments: # 1 Exhibit Rule 30(b)(6) Notice, # 2 Exhibit Notice of Deposition (Voycheske)) (Shearer, Shawn) (Entered: 06/11/2018) |
| 06/11/2018 | 47 | MEMORANDUM in Opposition re 46 MOTION to Compel *30(b)(6) Designation and Depositions* filed by First Data Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C) (Kennedy, Lindsey) (Entered: 06/11/2018) |
| 06/11/2018 | 48 | Amended MOTION to Compel *30(b)(6) Designation and Depositions* by Steven B. Barger. (Attachments: # 1 Exhibit 30(b)(6) Notice, # 2 Exhibit Notice of Deposition (Voycheske)) (Shearer, Shawn) (Entered: 06/11/2018) |
| 06/11/2018 | 49 | Amended MOTION to Amend/Correct/Supplement 46 MOTION to Compel *30(b)(6) Designation and Depositions [See ECF No. 48]* by Steven B. Barger. (Shearer, Shawn) (Entered: 06/11/2018) |
| 06/12/2018 | 50 | REPLY in Support re 46 MOTION to Compel *30(b)(6) Designation and Depositions*, 48 Amended MOTION to Compel *30(b)(6) Designation and Depositions*, 49 Amended MOTION to Amend/Correct/Supplement 46 MOTION to Compel *30(b)(6) Designation and Depositions [See ECF No. 48]* filed by Steven B. Barger. (Attachments: # 1 Exhibit Calendar of Discovery Delays, # 2 Exhibit May 22 E-mail Re; June 7th and 8th Dates, # 3 Exhibit May 22 Letter Service 30(b)(6) Notice) (Shearer, Shawn) (Entered: 06/12/2018) |
| 06/12/2018 | | ORDER: By letter dated June 11, 2018 (ECF Nos. 46, 48, 49), plaintiff moves to compel 30(b)(6) depositions. Defendant First Data has opposed (ECF No. 47) and plaintiff has replied (ECF No. 50). The Court shall hold a telephone conference this afternoon, June 12, 2018, at 3:30 p.m. to address this matter. After establishing contact with defendants' counsel, plaintiff's counsel shall telephone the Court at (718) 613-2170. Ordered by Magistrate Judge Lois Bloom on 6/12/2018. (Smith, Roberta) (Entered: 06/12/2018) |
| 06/12/2018 | | Minute Entry for proceedings held before Magistrate Judge Lois Bloom: Telephone Conference held on 6/12/2018. (FTR Log #3:39-4:19.) (Smith, Roberta) (Entered: 06/12/2018) |

| 06/12/2018 | | ORDER: The Court held a telephone conference in this matter on June 12, 2018. As discussed on the record, the Court denied plaintiff's motion to compel (ECF Nos. 46, 48, 49). The Court also denied plaintiff's request for sanctions. The Court directs the parties to meet and confer to resolve their scheduling issues. Ordered by Magistrate Judge Lois Bloom on 6/12/2018. (Smith, Roberta) (Entered: 06/12/2018) |
|---|---|---|
| 07/16/2018 | 51 | AFFIDAVIT/DECLARATION in Opposition re 37 Fully Briefed MOTION for Judgment on the Pleadings - *Supplemental Declaration of Jennifer Voycheske* filed by Frank Bisignano, Dan Charron, First Data Corporation, Anthony Marino. (Attachments: # 1 Exhibit 6, # 2 Exhibit 7) (Kennedy, Lindsey) (Entered: 07/16/2018) |
| 07/23/2018 | 52 | Letter *re: Request for Pre-Motion Conference* by Steven B. Barger (Shearer, Shawn) (Entered: 07/23/2018) |
| 07/23/2018 | 53 | MEMORANDUM and ORDER: Bargers motion 37 is denied. Defendants move pursuant to Federal Rule of Civil Procedure 11 for a hearing as to why they should not be awarded attorneys fees and costs on the basis that Bargers motion was filed for an improper purpose. The Court denies this motion for now but cautions Barger to consider the merits of any future motion before filing. See Memorandum and Order for details. Ordered by Judge Frederic Block on 7/23/2018. (Innelli, Michael) (Entered: 07/23/2018) |
| 07/23/2018 | | ELECTRONIC ORDER: Plaintiff's letter application 52 requesting a pre-motion conference is DENIED as moot, based upon the Court's Memorandum and Order 53 dated July 23, 2018. See Memorandum and Order for details. Ordered by Judge Frederic Block on 7/23/2018. (Innelli, Michael) (Entered: 07/23/2018) |
| 08/15/2018 | 54 | MOTION for Extension of Time to Complete Discovery by Frank Bisignano, Dan Charron, First Data Corporation, Lori Graesser, Rhonda Johnson, Anthony Marino, Karen Whalen. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D) (Eidelman, Gary) (Entered: 08/15/2018) |
| 08/17/2018 | | ORDER granting 54 Motion for Extension of Time to Complete Discovery: Defendants write to request an extension of time to complete fact discovery. ECF No. 54. This is the first request for an extension of time to complete discovery; however, plaintiff does not consent. Nevertheless, as the requested extension will not affect any other deadlines set by the Court, I find defendants' request reasonable. The request is granted. The parties shall complete all fact and expert discovery by September 28, 2018. As a reminder, upon the completion of discovery, any party who intends to file a motion for summary judgment shall write to Judge Block by October 12, 2018, to request a pre-motion conference in accordance with his individual rules. Ordered by Magistrate Judge Lois Bloom on 8/17/2018. (Doody, Sara) (Entered: 08/17/2018) |
| 08/22/2018 | 55 | Second MOTION to Compel *30(b)(6) Designation and Deposition* by Steven B. Barger. (Attachments: # 1 Exhibit May 2018 30(b)(6) Notice of Deposition, # 2 Exhibit Failure to Appear Transcript, # 3 Exhibit July 2018 30(b)(6) Notice of Deposition, # 4 Exhibit Communications re: 30(b)(6) Depositions, # 5 Exhibit Defense Discovery Delays, # 6 Exhibit Supplemental Interrogatory Answer) (Shearer, Shawn) (Entered: 08/22/2018) |
| 08/22/2018 | 56 | MOTION to Compel *Deposition of Jackson* by Steven B. Barger. (Attachments: # 1 Exhibit Notice of Deposition on July 3, 2018, # 2 Exhibit Transcript of Failure to Appear, # 3 Exhibit Defendant Charron Deposition Transcript, # 4 Exhibit Defendant |

| | | Bisignano Deposition Transcripts, # 5 Exhibit King Deposition and Press Release, # 6 Exhibit Defendant's Objection to RFP, # 7 Exhibit Defendant's Objection to Interrogatory) (Shearer, Shawn) (Entered: 08/22/2018) |
|---|---|---|
| 08/24/2018 | 57 | MEMORANDUM in Opposition re 56 MOTION to Compel *Deposition of Jackson* filed by Frank Bisignano, Dan Charron, First Data Corporation, Lori Graesser, Rhonda Johnson, Anthony Marino, Karen Whalen. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F) (Eidelman, Gary) (Entered: 08/24/2018) |
| 08/24/2018 | 58 | MEMORANDUM in Opposition re 55 Second MOTION to Compel *30(b)(6) Designation and Deposition* filed by Frank Bisignano, Dan Charron, First Data Corporation, Lori Graesser, Rhonda Johnson, Anthony Marino, Karen Whalen. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H) (Eidelman, Gary) (Entered: 08/24/2018) |
| 08/27/2018 | | SCHEDULING ORDER: By letters dated August 22, 2018 (ECF Nos. 55, 56), plaintiff's counsel moves to compel. Defendants have responded. (ECF Nos. 57, 58.) The Court shall hold a status conference on September 4, 2018 at 2:00 p.m. in Courtroom 11A South of the United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York. Parties are advised that they must contact each other before making any request for an adjournment to the Court. A request for an adjournment must be received in writing at least forty-eight (48) hours before the scheduled conference. Ordered by Magistrate Judge Lois Bloom on 8/27/2018. (Smith, Roberta) (Entered: 08/27/2018) |
| 08/29/2018 | 59 | MOTION to Compel *Production of Documents* by Steven B. Barger. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E, # 6 Exhibit Exhibit F, # 7 Exhibit Exhibit G, # 8 Exhibit Exhibit H) (Shearer, Shawn) (Entered: 08/29/2018) |
| 08/31/2018 | 60 | MOTION to Compel *Admissions re Jackson* by Steven B. Barger. (Shearer, Shawn) (Entered: 08/31/2018) |
| 09/04/2018 | 61 | MEMORANDUM in Opposition re 60 MOTION to Compel *Admissions re Jackson*, 59 MOTION to Compel *Production of Documents* filed by Frank Bisignano, Dan Charron, First Data Corporation, Rhonda Johnson, Anthony Marino, Karen Whalen. (Eidelman, Gary) (Entered: 09/04/2018) |
| 09/04/2018 | | Minute Entry for proceedings held before Magistrate Judge Lois Bloom: Discovery Conference held on 9/4/2018. (FTR Log #2:10-3:21.) (Smith, Roberta) (Entered: 09/04/2018) |
| 09/04/2018 | | ORDER: The Court held a discovery conference in this matter on September 4, 2018. As discussed on the record, plaintiff's motion to compel admissions regarding E.J. Jackson (ECF No. 60) is granted. Plaintiff's remaining motions to compel (ECF Nos. 55, 56, 59) are denied. The parties shall complete all fact and expert discovery by September 28, 2018. Upon the completion of discovery, any party who intends to file a motion for summary judgment shall write to Judge Block by October 12, 2018 to request a pre-motion conference in accordance with his individual rules. Ordered by Magistrate Judge Lois Bloom on 9/4/2018. (Smith, Roberta) (Entered: 09/04/2018) |

| | | |
|---|---|---|
| 09/11/2018 | 62 | TRANSCRIPT of Proceedings held on September 4, 2018, before Judge Bloom. Court Reporter/Transcriber Fiore Reporting and Transcription Service, Inc., Telephone number 203-929-9992. Email address: cmfiore@sbcglobal.net. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.File redaction request using event "Redaction Request - Transcript" located under "Other Filings - Other Documents". Redaction Request due 10/2/2018. Redacted Transcript Deadline set for 10/12/2018. Release of Transcript Restriction set for 12/10/2018. (Hong, Loan) (Entered: 09/11/2018) |
| 09/12/2018 | 63 | MOTION for Protective Order *Regarding Stipulation of Confidentiality of Non-Party Discovery Material* by Steven B. Barger. (Shearer, Shawn) (Entered: 09/12/2018) |
| 09/13/2018 | 64 | MOTION for Discovery *Rule 72(a) Objection to Denial of Motion to Compel 30(b)(6) Designations and Depositions [ECF No. 55]* by Steven B. Barger. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E, # 6 Exhibit Exhibit F, # 7 Exhibit Exhibit G, # 8 Exhibit Exhibit H, # 9 Exhibit Exhibit I, # 10 Exhibit Exhibit J, # 11 Exhibit Exhibit K, # 12 Exhibit Exhibit L) (Shearer, Shawn) (Entered: 09/13/2018) |
| 09/13/2018 | 65 | STIPULATION AND ORDER REGARDING THE EFFECT OF THE STIPULATED CONFIDENTIALITY OFDISCOVERY MATERIAL ORDER <u>ON NON-PARTY DISCOVERY</u>, granting parties' 63 Motion. **SO ORDERED** by Magistrate Judge Lois Bloom, on 9/13/2018. *(See document for details.)* (Latka-Mucha, Wieslawa) (Entered: 09/14/2018) |
| 09/14/2018 | 66 | MOTION to Expedite *Plaintiff's 72(a) Objection [ECF 64]* by Steven B. Barger. (Attachments: # 1 Proposed Order) (Shearer, Shawn) (Entered: 09/14/2018) |
| 09/17/2018 | 67 | Letter *from Gary B. Eidelman, Esq. to the Honorable Lois Bloom, U.S.M.J. dated 09-17-2018* by Frank Bisignano, Dan Charron, First Data Corporation, Lori Graesser, Rhonda Johnson, Anthony Marino, Karen Whalen (Eidelman, Gary) (Entered: 09/17/2018) |
| 09/17/2018 | 68 | RESPONSE in Opposition re 66 MOTION to Expedite *Plaintiff's 72(a) Objection [ECF 64]* filed by Frank Bisignano, Dan Charron, First Data Corporation, Rhonda Johnson, Anthony Marino, Karen Whalen. (Eidelman, Gary) (Entered: 09/17/2018) |
| 09/18/2018 | 69 | REPLY in Support re 66 MOTION to Expedite *Plaintiff's 72(a) Objection [ECF 64]*, 68 Response in Opposition to Motion filed by Steven B. Barger. (Attachments: # 1 Exhibit A) (Shearer, Shawn) (Entered: 09/18/2018) |
| 09/18/2018 | | ELECTRONIC ORDER: The Court denies Steven B. Bargers (Plaintiff) Motion 66 to Expedite/Shorten Time for the completion of briefing and hearing on Plaintiffs Rule 72(a) Objection to Order Re: Denial of Motion to Rule Compel 30(b)(6) Designations and Depositions. If the Court ultimately sustains Plaintiffs Rule 72(a) objection, it will also allow for additional time during which the parties can complete discovery. Ordered by Judge Frederic Block on 9/18/2018. (Innelli, Michael) (Entered: 09/18/2018) |
| 09/18/2018 | | ORDER: Defendants write to request an extension of the discovery deadline in this matter for the limited purpose of completing non-party depositions. (ECF No. 67.) In |

| | | |
|---|---|---|
| | | light of the motions regarding the non-party discovery now pending in other jurisdictions, the request is granted. The Court stays the September 28, 2018 discovery deadline which was set for the limited purpose of completing the non-party depositions. As previously scheduled, any party who intends to file a motion for summary judgment shall write to Judge Block by October 12, 2018, to request a pre-motion conference in accordance with his individual rules. The parties shall also file a letter by October 12, 2018 regarding the status of the non-party depositions. Ordered by Magistrate Judge Lois Bloom on 9/18/2018. (Smith, Roberta) (Entered: 09/18/2018) |
| 09/27/2018 | 70 | MEMORANDUM in Opposition re 64 MOTION for Discovery *Rule 72(a) Objection to Denial of Motion to Compel 30(b)(6) Designations and Depositions [ECF No. 55]* filed by Frank Bisignano, Dan Charron, First Data Corporation, Lori Graesser, Rhonda Johnson, Anthony Marino, Karen Whalen. (Eidelman, Gary) (Entered: 09/27/2018) |
| 09/27/2018 | 71 | AFFIDAVIT/DECLARATION in Opposition re 64 MOTION for Discovery *Rule 72(a) Objection to Denial of Motion to Compel 30(b)(6) Designations and Depositions [ECF No. 55]* filed by Frank Bisignano, Dan Charron, First Data Corporation, Lori Graesser, Rhonda Johnson, Anthony Marino, Karen Whalen. (Eidelman, Gary) (Entered: 09/27/2018) |
| 09/27/2018 | 72 | MOTION to Withdraw as Attorney *Lindsey C. Kennedy, Esq.* by Frank Bisignano, Dan Charron, First Data Corporation, Lori Graesser, Rhonda Johnson, Anthony Marino, Karen Whalen. (Attachments: # 1 Declaration Declaration of Lindsey C. Kennedy, Esq. in Support of Withdrawal as Attorney of Record, # 2 Proposed Order Proposed Order, # 3 Certificate of Service Certificate of Service) (Kennedy, Lindsey) (Entered: 09/27/2018) |
| 09/28/2018 | 73 | ORDER, granting 72 Motion to Withdraw as Attorney. It is hereby ORDERED that the Motion is GRANTED and that **Lindsey C. Kennedy** is hereby terminated as attorney of record for Defendants in this matter. SO ORDERED by Magistrate Judge Lois Bloom, on 9/28/2018. *(Attorney Lindsey Conrad Kennedy, Esq. - terminated.)* (Latka-Mucha, Wieslawa) (Entered: 09/28/2018) |
| 10/03/2018 | 74 | REPLY in Support re 70 Memorandum in Opposition, 64 MOTION for Discovery *Rule 72(a) Objection to Denial of Motion to Compel 30(b)(6) Designations and Depositions [ECF No. 55]* filed by Steven B. Barger. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J) (Shearer, Shawn) (Entered: 10/04/2018) |
| 10/04/2018 | 75 | REPLY in Support re 64 MOTION for Discovery *Rule 72(a) Objection to Denial of Motion to Compel 30(b)(6) Designations and Depositions [ECF No. 55]*, 70 Memorandum in Opposition, 74 Reply in Support, *NOTICE OF ERRATA* filed by Steven B. Barger. (Shearer, Shawn) (Entered: 10/04/2018) |

| PACER Service Center |
|---|
| Transaction Receipt |
| 10/04/2018 08:45:59 |