# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| STEVEN B. BARGER, an individual, | Civil Case No. EDNY: 1:17-cv-04869-FB-LB |
| Plaintiff, | |
| -v- | Civil Case No. 1:18-mc-00010 |
| FIRST DATA CORPORATION, et al., | |
| Defendants, | |
| -v- | |
| JULIE K. KELLY, an individual, | |
| Third Party Witness. | |

## MOTION FOR PROTECTIVE ORDER

I am Julie Kelly and I am representing myself in case 1:18-mc-00010. I am writing this motion to request a "Protective Order", if needed, in a timely manner, to seek this court's protection from an illegitimate, abusive, burdensome "subpoena" that was sent to me on August 14, 2018.

Please refer to my 72(a) motion (Docket #24) filed on October 2, 2018 with this Court for any necessary information regarding the timing of this filing. I am doing my best to cover every base and comply with deadlines and decisions that are not always consecutive in order.

I am seeking this court's protection from the August 14, 2018 subpoena for the following reasons:

1. **THE SUBPOENA IS ILLEGITIMATE UNDER FEDERAL RULE 30(c)(1)**

Federal Rule 30(d)(1) states that a deponent, a be deposed for a maximum of "one day seven hours." On June 25, 2018, in response to a properly issued and served subpoena that set forth a Court order that was neither postponed or canceled, I appeared for a deposition in Barger v. First Data exactly as ordered. (Exhibit 1). In so doing, I fulfilled the obligation outlined in that subpoena. Despite use of the court process and power in the EDNY to serve and command my appearance, First Data, Mr. Eidelman, and Ms. Cooper and Saul Ewing all failed to appear. (Exhibit 2) Thusly, First Data has no legal authority at present to even attempt to compel me or seek any documents from me via subpoena in the Barger v. First Data case.

2. **FIRST DATA/SAUL EWING/EIDELMAN/COOPER HAD A LEGAL REMEDY TO OBTAIN A LEGITIMATE SUBPOENA UNDER RULE 30(a)(2)(A)(ii)**

Despite my appearance and First Data / Saul Ewing's no show, Mr. Eidelman and Ms. Cooper had a remedy available to them in the court where Barger v. First Data originates – the EDNY. Rule 30(a)(2)(A)(ii) allows a lawyer to request "leave" of the court to take a second deposition. All these two lawyers had to do to obtain a legitimate subpoena was go to their own judge in New York and be honest. If the judge in New York (Judge Lois Bloom/Judge Frederic Block) decided that counsel for First Data had acted in good faith and made an honest mistake, that judge can allow First Data's counsel to issue me a new valid subpoena. First Data's counsel has failed to use this proper remedy, choosing instead to lie to the Court in Ohio by filing this case – saying I need to be compelled to do something I already did. The existence of this action is based on a lie. I already complied (Exhibit 1).

2

### 3. FIRST DATA/SAUL EWING/EIDELMAN/COOPER AND MATTHEW BYRNE WERE ALL GIVEN NOTICE THAT FILING THIS ACTION IN OHIO IS ILLEGITIMATE

On July 24, 2018 I served Mr. Eidleman, Ms. Cooper, Mr. Byrne and Mr. Barry Levin (Saul Ewing General Manager) notice of a "Rule 11" violation and requested that they rescind their action in the State of Ohio because there is no valid subpoena for them to use to compel me (Exhibit 3). All lawyers involved had ample time to seek the proper authority of the EDNY through use of Rule 30(a)(2)(A)(ii) and stop the lies to this Court. Instead, these lawyers chose to issue a new subpoena on August 14, 2018, before Magistrate Bowman even ruled on the outstanding Motion to Compel. No Motion to Compel me has been legally sought or granted pursuant to this subpoena because it did not exist when Ms. Cooper & Mr. Eidelman dragged this needless pack of lies into Ohio on July 23, 2018

Minus the authority of the EDNY court, this subpoena is devoid of any power. This subpoena is just a list of demands that First Data wants from me to use against me in my own case in Ohio. It in no way resembles the June 25, 2018 subpoena I complied with, and the only thing that has changed since First Data initially sought to depose me, and the issuance of this abusive overreach, is Mr. Eidelman and Ms. Cooper deciding to go adverse to me in my own case in Ohio.

### 4. THIS SUBPOENA FAILS TO MEET REQUIREMENTS OF FEDERAL RULE 45

In counsel's "Motion to Compel" they rely on multiple aspects of Federal Rule 45 in order to try to force my appearance for something I already did. As part of their Motion, they

3

attach the June 25, 2018 subpoena which is both expired and complied with. In order to force the subpoena to be "compelled", it must exist, and meet the requirements of Rule 45, which includes Rule 45(a)(1), 45(a)(Ii), 45(a)(iii) – none of which are valid after I appeared on June 25, 2018. Rule 45(c)(2)A) was non-existent in the legitimate subpoena. Rule 45(c) is not the same in this subpoena as it was in the subpoena commanding my appearance on June 25, 2018 with which I complied. Mr. Eidelman & Ms. Cooper chose to file a motion to compel based on that expired subpoena, then, inexplicably, tried to "serve" me a "new" subpoena.

5. **THIS SUBPOENA IS OVERLY BROAD, ABUSIVE, INTENDED TO HARASS AND SEEK PRIVILEGED DOCUMENTS AND COMMUNICATIOS AND VIOLATES RULES 45(d)(1) and 45(3)(B)(i)**

Further proof that Mr. Eidelman & Ms. Cooper only have "bad faith" intent by issuing this illegitimate subpoena, is the abusively intrusive nature if the requests that were absent the first time I received the authorized subpoena with which I complied. Now that First Data has hired Saul Ewing, Mr. Eidelman, & Ms. Cooper, they are shamelessly exploiting the leeway given to them to come to Ohio and try to demand my cooperation by using Magistrate Bowman in an obvious "fishing expedition" against me for my own case. If First Data wanted all of this from me – why not include it in the authorized subpoena sent for the June 25, 2018 deposition that I complied with? Under Federal Rule 30(a)(2)(A)(ii) there is no authority to "command" me to appear a second time and there is no justification for asking me for documents that I don't even have and that are egregiously outside of the scope of the June 25, 2018 subpoena which I already appeared for.

4

Please assist me by doing the right thing and force these lawyers to be honest with their own judge, the State of Ohio, this Court and the public. I deserve a fair hearing in my own case in Ohio. This bogus process should not allow First Data to manipulate the court to prejudice what is fair to me.

Thank you,

*signature: Julie Kelly*

Julie K. Kelly
823 Dorgene Lane
Cincinnati, OH 45244

*Pro Se*

**CERTIFICATION AND CLOSING**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this **MOTION FOR PROTECTIVE ORDER**: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the **MOTION FOR PROTECTIVE ORDER:** otherwise complies with the requirements of Rule 11.

October 5 , 2018

*/s/ Julie K. Kelly*
Pro Se
Julie K. Kelly
823 Dorgene Lane
Cincinnati, OH 45244
(P) 513.806.4893
(e) jul_kelly@mac.com

**CERTIFICATE OF SERVICE**

I hereby certify that on <u>October 5, 2018</u>, a copy of the foregoing document was delivered to the Clerk of Court for filing in the Court's electronic filing system (CM/ECF), which will send electronic notification of such filing to all parties represented by attorneys who are registered CM/ECF users.

October 5, 2018

*[signature]*
Pro Se
Julie K. Kelly
823 Dorgene Lane
Cincinnati, OH 45244
(P) 513.806.4893
(e) jul_kelly@mac.com